## JNO. W. HOOPER v. STATE.

No. A-1091. Opinion· Filed March 19, 1912.

(121 Pac. 1087.)

1.  **EVIDENCE—Distinct Offense.** The fact that a defendant may have been prosecuted, arrested, or imprisoned for an offense cannot be introduced as evidence against him unless such prosecution, arrest, or imprisonment are in some manner connected with the offense for which he is upon trial.

2.  **APPEAL—Harmless Error.** When an error has been committed upon the trial of a case, it is the duty of this court upon an inspection of the entire record to determine whether or not the defendant suffered any material injury from such error. Unless such injury appears, the error will not be ground for reversal.

3.  **SAME—Modification of Judgment.** If this court finds that excessive punishment has been inflicted upon a defendant, it does not necessarily follow that the judgment should be reversed. The court may modify and affirm such judgment.

(Syllabus by the Court.)

*Appeal from Texas County Court;*
*W. C. Crow, Judge.*

John W. Hooper was convicted of assault, and appeals. Modified and affirmed.

*William Edens,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. Upon the trial of this cause the state was permitted in its evidence in chief to introduce an information against appellant, charging him with a violation of the prohibitory liquor law. To this exceptions were reserved. This evidence was improperly admitted, without further proof that it was· in some manner connected with the offense for which appellant was upon trial. If appellant had been. convicted of bootlegging, this fact might have been proven for the purpose of affecting his credibility as a witness. See *Hendrix v. State,* 4 Okla. Cr 611, 113 Pac.₀244. But the mere fact that he had been prosecuted for the offense was

not admissible. See *Slater v. United States,* 1 Okla. Cr. 275, 98 Pac. 110. But, while it is true that this evidence was improperly admitted, it does not necessarily follow that this case should be reversed on this account.

Our statute provides that, on appeal, the court must give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties. Therefore, whenever an error has been committed upon the trial of a cause, it is the duty of this court on appeal upon an examination of the entire record to decide as to whether or not such error deprived the appellant of some substantial right. Upon an examination of the testimony in this case, we are satisfied that appellant is guilty of assault and battery. There is no reason to believe the jury could have arrived at any other verdict, and we are of the opinion that the only injury appellant could have received by the introduction of this testimony was that it may have caused the jury to inflict upon him a higher penalty than they otherwise would have done; and in view of the testimony in this case, and knowing as we do of the feeling existing against persons charged with violating the prohibitory liquor law, we are of the opinion that it did have this effect. Under the state's evidence, the assault committed by appellant did not inflict any serious injury upon the party assaulted, and under the appellant's evidence, while he was not justified in making the assault, yet it was attended with mitigating circumstances. We believe that the court erred in admitting the evidence objected to, but we also find that the appellant is guilty of a slight offense. We are not willing to reverse the case, but believe the judgment should be modified and the fine reduced from $50 to $10. This gives the appellant all that he could hope to gain from a reversal, and saves the state and the defendant the cost of another trial.

Section 6955, Comp. Laws 1909, is as follows:

"The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial. In either case, the cause must be remanded to the court below, with proper instructions, and the opinion of the

court, within the time, and in the manner, to be prescribed by rule of the court."

It is therefore ordered by the court that the judgment be modified and the fine imposed upon appellant be reduced from $50 to $10, and that the judgment as modified be affirmed.

ARMSTRONG and DOYLE, JJ., concur.