## MAY BELLE CANNON v. STATE.

No. A-7935. Opinion Filed July 18, 1931.
(1 Pac. [2d] 791.)

Sigler & Jackson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county of the crime of burglary in the second degree, and her punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The evidence of the state was that at the time of the commission of the offense the defendant, a colored woman, was employed as a domestic in a home in the city of Ardmore; that she was married and at that time her husband was employed and lived in Pauls Valley; that on the evening of October 31, 1927, between the hours of 6 and 8 o'clock, the residence of V. S. Tucker was broken into by some person cutting a screen and prying open a rear window, and the personal property of Mrs. Tucker, consisting of one fur coat, an electric iron, patent leather hat box, a mesh bag, several dresses, and other articles, of the value of $532, were taken from the house.

That some time after this burglary, a cousin of Mrs. Tucker's who lived in Pauls Valley, and who had visited Mrs. Tucker and was acquainted with her wearing apparel, saw a Negro woman on the streets of Pauls Valley with one of Mrs. Tucker's dresses on. That she followed this Negro woman to the servant's quarters on the premises of Mrs. Hill in Pauls Valley, and as soon as she had located the residence of this Negro woman, she notified Mrs. Tucker at Ardmore, and that the giving of this information led to the discovery of most of the stolen property; that when the officers went to the servant's quarters to search them, the defendant had fled and came to Oklahoma City, where she was arrested more than a year later. That after her arrest, she made admissions of her guilt to the arresting officers and to others.

The defendant did not take the witness stand, but offered proof of her good character and of a finger print officer, who testified that the finger prints he found at the place of the burglary were not those of the defendant. But on cross-examination he admitted that if the person who committed the burglary wore gloves no finger prints

would be left, and also that he found footprints under the window made by different shoes.

This conviction rests upon sufficient proof of the corpus delicti, proof of the possession of part of the stolen property by this defendant, and her several admissions of guilt. The evidence is sufficient to support the verdict of the jury, and the cause must be affirmed, unless the errors of law complained of require a reversal.

It is first contended that the trial court erred in admitting evidence obtained by the officers in an unlawful and illegal search of the residence of the defendant, and that this error was not cured by the subsequent action of the court in instructing the jury not to consider the evidence obtained by such search.

The fur coat and some dresses stolen by defendant were found without the aid of any search warrant, the dresses being worn by defendant on a public street and about the home of Mrs. Hill, and the fur coat being placed by defendant in the officer's car after the search of defendant's premises. This evidence was admissible and, with the other evidence obtained without the aid of a search warrant, was sufficient to support the verdict of the jury.

It was admitted by the state that the officers had no search warrant to search defendant's premises. Her counsel objected to the introduction of the articles obtained by the search on the ground that the same were obtained in violation of her constitutional rights. The trial court at first overruled this motion, but later sustained the objection to the admissibility of the articles obtained by the search and instructed the jury not to consider them in arriving at their verdict.

While the evidence obtained by the search warrant was inadmissible, the same was only cumulative. The guilt of the defendant having been established beyond a reasonable doubt by the competent evidence introduced by the state, the cause will not be reversed for the admission of incompetent evidence.

Defendant next complains that the trial judge erred in remarks made in the presence of the jury concerning this evidence.

During the trial of the case and while Cecil Crosby, a witness for the state, was on the witness stand testifying to the search and the finding of the stolen articles, the court said: "It don't make much difference about this anyway. Mrs. Hill saw the dresses and the coat."

Mrs. Hill had testified to seeing the fur coat and other articles stolen being worn by the defendant prior to the search, and had testified to the finding of some of these articles in the servants' quarters at the time of the search.

Apparently the court was justifying his instruction to the jury not to consider the evidence of the officers of the articles obtained by the search, since the evidence of Mrs. Hill was to the same effect.

While the remark of the trial judge was improper, it was not such an error as will require a reversal of the case. It is apparent that the remarks of the judge, made as they were in connection with the question of the unlawful search of the premises, could not have influenced the verdict of the jury.

It is not every error in the trial of a case that requires a reversal, but error plus injury. When an error has been committed upon the trial of a case, it is the duty of the court, upon an inspection of the entire record, to de-

termine whether or not defendant suffered any material injury from such error. Unless such injury appears, the error will not be ground for reversal. Hooper v. State, 7 Okla. Cr. 43, 121 Pac. 1087; Dumas v. State, 19 Okla. Cr. 413, 201 Pac. 820; Ray v. State, 35 Okla. Cr. 322, 250 Pac. 438; Crowell v. State, 42 Okla. Cr. 392, 276 Pac. 518.

The evidence being sufficient to support the verdict of the jury and the errors of law complained of being without merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.