**Samuel Jefferson WOODS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16520.**

Court of Criminal Appeals of Oklahoma.

May 12, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., James L. Gullett, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Samuel Jefferson Woods, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County of the offense of Assault and Battery With A Dangerous Weapon With Intent to Kill; his punishment was fixed at twelve years imprisonment; and from said Judgment and Sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that on March 6, 1970, around 8:00 or 8:30 P.M. Marion Smith had occasion to go to 10½ S.W. 27th Street in Oklahoma City to see one Willie Gray about some work. He testified that he was standing in the driveway of Gray's house talking to the latter's son when he was shot twice in the stomach and chest (Tr. 7). The shots came from the south or a little east of south from the same side of the street. He saw a man with a rifle, but could not identify the person. Some

ten or twelve shots were fired in rapid succession.

Officer Pittenridge of the Oklahoma City Police Department testified about going to the place of the shooting, getting a .22 cal. rifle from another police officer and accompanying Smith to the hospital.

Officer Garrison of the Oklahoma City Police Department testified that the night of the shooting he went to 10½ S.W. 27th Street and saw defendant standing near the door of the rear apartment with a rifle in his left hand. He retrieved the rifle and arrested defendant. He also found seven spent .22 cartridges and one live round, and observed bullet holes in the side of the house and in a car parked in the driveway. The person causing the bullet holes would have had to be in the driveway of the house where defendant was arrested.

Officer Hervey of the Oklahoma City Police Department testified that he interrogated defendant in the Oklahoma City Jail on March 6, 1970, about 10:45 P.M. He gave defendant the Miranda warning, and defendant told him he had been at a friend's house and had a few drinks about 5:30 P.M. that day. One Connie Gray (not the same person as Willie Gray) suggested poker game, and during the course of the game defendant suspected Gray of cheating and withdrew his money from the pot. Gray then said he was going to get even with defendant, and another person there said that Gray meant it and would probably get even with defendant. Defendant then went home, got a .22 rifle and went to his brother's house (one of the apartments at 10½ S.W. 27th rear). As defendant reached the rear apartment he thought he heard two shots and saw people standing in the driveway. Defendant emptied his rifle at these persons. He "thought somebody was out to try to get him" (Tr.43).

Defendant did not testify nor was any evidence offered in his behalf.

The first proposition alleges that the Court erred in denying defendant's re-quested instruction on self defense. The record reflects the following excerpt of the testimony of Officer Hervey concerning the statement of the defendant:

"Q. All right. Tell the Court and Jury what he told you.

"A. He told us that he had gone to a friend's house at 26th and South Broadway around 5:30 in the afternoon, that the reason he knew it was 5:30 because he was watching Perry Mason on T.V. and that while he was there there was another friend that was there that had a bottle and they had a few drinks and during the course of the evening while he was there there was two more came in, Loveless (phonetically) or something like that, was one of them's name, and Connie Gray, and that Connie Gray suggested they play a little poker.

They played a little nickel-ante poker and during the course of the poker game, why, he caught Connie Gray cheating. He called his hand on it and took his money out of the pot and that Connie Gray told him that he was going to get even with him and then Connie Gray left the house and another person at the house told him that Connie Gray meant it, that he probably would get even with him.

He stated he then left, went to his brother's house, this being a downstairs garage apartment, I believe it's 10½, I don't recall the exact location, and asked his brother for a shotgun, that his brother told him he didn't have it, that he had hocked it.

"Q. Do you recall what his brother's name was?

"A. No, not right off hand.

"Q. All right, go ahead.

"A. So he then left and went to his own house and said he had a .22 rifle there that he had purchased from Oklahoma Tire and Supply about— seems like it was about six months previous and a box of shells, that

he loaded up this gun with shells and thought it was .22 long rifle shells; that he went back over to his brother's house and while he was at his brother's house he heard some voices.

He started walking out · from—I think the brother's—the door is kind of on the side, he has to walk around from the side to the front, this being a house in the back at the end of the driveway, and when he walked out there he said he thought he heard two shots and he saw two people standing up on the drive and he just emptied his .22 rifle at them, he thought they were trying to kill him.

"Q. All right. Did he ever express as to whether or not he knew—later determine whether he knew either one of those two people?

"A. He said he couldn't—he didn't—he couldn't see them well enough to see who they were."

■ The defendant contends that since there was evidence of self defense contained in the above statement, the trial court committed fundamental error in denying his requested instruction on self defense. It is an established rule of law of this state that a defendant has the right to have a clear and affirmative instruction given to the jury, applicable to his defense, based upon hypothesis that it is true, when such evidence affects a material issue in the case. Fleming v. State, Okl.Cr., 401 P.2d 997 (1965).

■ We are of the opinion that the defendant's statement did not establish that he was in fact acting in self defense. He had been threatened by Connie Gray to "get even." After arming himself he saw two persons standing in the driveway, thought he heard two shots and that he thought they were trying to kill him. In the case of Jamison v. State, Okl.Cr., 304 P.2d 371 (1956), this Court by Judge Brett stated:

"Fear, based upon threats alone unless accompanied by some overt act or dem-onstration designed to execute the threats which furnished the defendant some reason to believe that he was in danger of being killed or suffering great bodily injury at the hands of the deceased, will not support a plea of self defense and mitigate the homicide."

In the instant case there was no evidence of some overt act or demonstration to execute the threat except that the defendant "thought" he heard two shots. There was no evidence that bullets from the alleged shots struck near the defendant and further that the defendant did not recognize who he was shooting at. A person asserting the right of self defense must rely on a more substantial overt act or demonstration than merely thinking he was being fired upon. We thus conclude that the trial court properly denied the requested instruction on self defense.

■ The defendant's final proposition asserts that the trial court erred in failing to instruct upon circumstantial evidence, although such an instruction was not requested.

In Watkins v. State, Okl.Cr., 351 P.2d 317 (1960), we stated:

"The defendants finally contend that the trial court erred in not giving an instruction on circumstantial evidence. The evidence herein was both direct and circumstantial. It has been repeatedly held that where the state's evidence is not entirely circumstantial, it is not necessary to give an instruction on circumstantial evidence."

See also Lawson v. State, Okl.Cr., 476 P.2d 89 (1970), wherein we held that where defendant has made no request for instruction on law of circumstantial evidence, failure of court to instruct does not constitute reversible error.

The defendant has filed a pro se supplemental brief. We have carefully examined the propositions contained therein and are of the opinion that they do not contain sufficient merit to be discussed in this opinion.

In conclusion we observe that the record is free of any error which would justify modification or reversal, the punishment is well within the range provided by law and under such circumstances we are of the opinion that the judgment and sentence should be and the same is hereby

Affirmed.

NIX and BRETT, JJ., concur.