**David Arthur PERKINS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–16691.**

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1971.

Martin & Kisner, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

David Arthur Perkins, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Burglary in the First Degree. His punishment was fixed at seven (7) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

The defendant asserts three propositions of error, only one of which we deem necessary to discuss in this opinion. Defendant's third proposition contends that the trial court erred in refusing to submit instructions requested by the defendant to the jury. The defendant's defense was that he

was the victim of a blackout, and did not know right from wrong. Defendant's requested Instruction Number One, although not a model instruction, was sufficient to call the court's attention to the material issues raised, and had a basis of support in the evidence. It was, therefore, the duty of the court to prepare and give a proper instruction on the issue thus presented to the court, to-wit: an instruction in conformance with the M'Naughten Rule. In Crossett v. State, 96 Okl.Cr. 209, 252 P.2d 150, we stated:

" 'The policy of the law is that all persons shall have a fair and impartial trial. It cannot be said that a fair and impartial trial has been had unless the jury have been properly instructed as to the law of the case; and where the instructions do not fully present all the material issues raised, the judgment of conviction will be set aside.' "

The judgment and sentence is accordingly reversed and remanded.

BRETT, J., concurs.