Leonard E. BOYLE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-288.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1977.

Ray Parks, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Leonard E. Boyle, hereinafter referred to as defendant, was convicted for the crime of Escape From Penal Institution, pursuant to 21 O.S.Supp.1976, § 443, upon trial by jury in the District Court, Pittsburg County, Case No. F–76–129, and sentenced to a term of five (5) years under the direction and control of the Department of Corrections of the State of Oklahoma. From said judgment and sentence the defendant brings his timely appeal.

The State's evidence at trial was presented through the testimony of four Corrections Department officials, Jess Titsworth, Gary Maynard, John H. Poe, and Melvin D. Tyler. Mr. Titsworth, supervisor of records at the Oklahoma State Penitentiary, testified that the defendant was incarcerated in the Oklahoma State Penitentiary on June 19, 1976, as he began serving a sentence of ten (10) years' imprisonment on March 23, 1972. He said that his records showed that the defendant escaped on June 19, 1976, and was returned on June 21, 1976, and that there was no record of the defendant having permission to leave the Oklahoma State Penitentiary.

Mr. Maynard, Deputy Warden of the Oklahoma State Penitentiary, testified that he was the only person at the prison on June 19, 1977, who had the authority to grant the defendant permission to leave the Oklahoma State Penitentiary, and that he did not give such permission to the defendant.

Mr. Poe, a warehouse superintendent and a member of the escape team at the Oklahoma State Penitentiary, testified that he saw the defendant in a wooded area in Eufaula, Oklahoma, on June 21, 1976, and helped return defendant to the hospital at McAlester and turned him over to the Deputy Warden there.

Melvin Tyler, deputy warden, security, Oklahoma State Penitentiary, testified that he investigated the escape and identified the probable route taken by the defendant in exiting the prison. He also placed the time of escape as some time prior to 11:50 p. m. on June 19, 1976.

■ The defendant's first assignment of error is that the trial court erred when a mistrial was not declared upon the introduction of evidence that six other inmates escaped with the defendant. The State alluded to the escape of seven inmates in its opening statement, and no objection was raised. During the course of Mr. Tyler's testimony, the State interjected into the testimony the fact that seven persons had escaped. An objection was made at that time and sustained. In closing argument the State again raised the fact that seven

persons escaped, and again the defendant successfully objected. While we do not think it appropriate for the State to pursue a line of testimony in closing argument which it was prevented from developing in evidence, we note that the defendant did not ask in either of his objections that the jury be admonished. See, *Lucas v. State*, Okl.Cr., 509 P.2d 1387 (1973). As to the introduction of testimony that six others had escaped, the defendant's objection was sustained, and since he requested no other relief at that time no error was preserved for review. See, *McDonald v. State*, Okl. Cr., 553 P.2d 171, 185 (1976). The defendant also asserts that the State made other inflammatory remarks in closing, but again no objection was raised. *Lucas v. State* and *McDonald v. State*, supra.

■ The defendant's second assignment of error is that it is in violation of defendant's rights that he be twice punished for the same offense. The defendant alleges that he was twice punished in that he received punishment in the form of the sentence in the instant case, and that he is subject to disciplinary action on the part of the Department of Corrections. This is clearly without merit. The defendant is apparently referring to double jeopardy clauses of the Fifth Amendment of the United States Constitution and Art. II, § 21, of the Oklahoma State Constitution. This Court addressed the issue of double jeopardy regarding administrative punishment in *Ex parte Kirk*, 96 Okl.Cr. 272, 252 P.2d 1032 (1953), wherein we said that disciplinary action within the Department of Corrections for inmate rules infractions did not constitute double jeopardy. Further, authority for a conviction and sentencing under 21 O.S.Supp.1976, § 443, and administrative disciplinary action in combination is found in 21 O.S.1971, § 443a. This assignment of error is without merit.

■ The defendant's third assignment of error is that the defendant was viewed by several jurors as he was led into the courthouse in shackles and under heavy guard. The defendant was not viewed in the courtroom under these circumstances. There is no evidence that the encounter was other than unintentional. The evidence in the case was overwhelming. It is our opinion that the error, if any, was not one which would have influenced the verdict. *Lowery v. State*, Okl.Cr., 563 P.2d 1189, 1192 (1977).

■ As his fourth assignment the defendant alleges that the punishment was excessive. In light of the fact that members of the jury did view the defendant in shackles and under heavy guard, and in view of the fact that the State attempted to discuss evidence in closing to which objections had been sustained in the State's case in chief, we cannot say that the sentence imposed was not influenced by these unfortunate and possibly inflammatory events. We find that the interest of justice may best be served by modifying the sentence from five (5) years to three (3) years under the direction and control of the Department of Corrections, and as *MODIFIED, AFFIRMED*.

BRETT, J., concurs.