**Michael Don NORMAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–194.**

Court of Criminal Appeals of Oklahoma.

July 22, 1982.

F. K. Berfield, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Chief, Appellate Criminal Division, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Burglary in the Second Degree, After Former Conviction of Two Felonies, in the District Court of Oklahoma County, and sentenced to twenty (20) years' imprisonment.

The appellant and a co-defendant were arrested at approximately 1:45 a. m. in an elementary school, the Parker Fifth Year Center. Evidence was presented at trial showing that a window at the school had been broken out; a screen on another window had been pried back; an inside door had been pried and chiseled; and an office had been broken into and ransacked.

■ The appellant raises as error the trial court's refusal to give his requested instructions on voluntary intoxication. By statute voluntary intoxication is no defense to criminal culpability. 21 O.S.1981, § 153. However, we recognize an exception to this rule where the accused had been so intoxicated that his mental powers had been overcome and it therefore had been impossible for him to form criminal intent. *Miller v. State,* 567 P.2d 105 (Okl.Cr.1977).

■ When voluntary intoxication is raised as an affirmative defense, the ac-

cused must introduce sufficient evidence to raise a reasonable doubt as to his ability to form the requisite criminal intent. Once this is placed in issue, it becomes a question for the jury, upon proper instruction, to determine whether the level of intoxication interfered with the accused's ability to form the specific criminal intent.

■ In carefully reviewing the record, we find that even though the appellant testified he had consumed a large quantity of alcohol on the evening in question, the trial court did not abuse its discretion in refusing the requested instruction. The appellant's testimony of his perceptions during the incident demonstrated he was in control of his mental faculties; e.g., that he thought perhaps his cohort knew someone who was in the building, and he repeatedly asked his companion what he was doing in the building. Also, he testified that he had tried to leave the building for fear of getting into trouble just prior to the police officers' arrival.

The defense therefore failed to produce evidence sufficient to create a reasonable doubt as to the accused's ability to form intent. The court's refusal to instruct on voluntary intoxication was not error where the accused's own testimony negated the defense.

The appellant next assigns as error the admission of a series of photographs depicting the school building where the offense occurred. The appellant argues that the State failed to establish a proper foundation for the photographs when it did not show they were true and accurate depictions of the scene as it existed at the time of the burglary. Arthur Boyd, the principal of Parker Fifth Year Center, testified that the photographs accurately depicted the way the school looked on May 27 when he left the building, and on May 28, with the exception of a broken window on one door, a torn screen, and an open window in the cafeteria, which had been repaired since before the photos were taken.

■ When a photograph is shown to be a faithful reproduction of whatever it pur-

ports to depict, it is admissible, if relevant and not so prejudicial, as an appropriate aid to the jury in applying the evidence. The admissibility is a matter addressed to the discretion of the trial court under circumstances of the particular case. *Grabow v. State*, 532 P.2d 68 (Okl.Cr.1975). Here we find no abuse of discretion in the admission of the photographs.

■ In his third proposition the appellant claims the trial court erred in refusing to grant a mistrial when five jurors observed him in handcuffs. Defense counsel advised the court that jurors sitting outside the courtroom saw the sheriff escort the appellant to the courtroom door and then remove the handcuffs.

In overruling the defense's motions, the trial court noted that during *voir dire* examination defense counsel had told the jury that the accused was in the sheriff's custody, that he was in jail, that the sheriff would be sitting behind him during the trial; and that counsel had asked the jury members not to be prejudiced by these facts. The trial court then ruled that the occurrence was not particularly prejudicial; that for all practical purposes, the fact of the accused's incarceration in jail had already been brought to the jury's attention.

The appellant was not taken into the courtroom handcuffed, and it appears from the record that the encounter was not intentional. Under the facts and circumstances of this case, and the strength of the evidence against the appellant, it appears that this unfortunate incident was harmless. See *Pisano v. State*, 636 P.2d 358 (Okl.Cr.1981); *Lowery v. State*, 563 P.2d 1189 (Okl.Cr.1977); *Boyle v. State*, 569 P.2d 1026 (Okl.Cr.1977).

We note that under much more extreme facts, this Court reversed a conviction in *French v. State*, 377 P.2d 501 (Okl.Cr.1963). It is worthwhile to repeat in this opinion our pronouncement in *French*; that before trial, the jury panel should be called into the courtroom and the defendant unshackled outside the courtroom before entry. During trial, the jury could assemble in their deliberation room while defendant is

brought in so they would not have the opportunity to see him while bound. Such procedures would insure against a violation of 22 O.S.1981, § 15, providing that "in no event shall [a person] be tried before a jury while in chains or shackles."

■ The appellant next asserts that the admission of an eighteen-inch butcher knife was error. He argues that the exhibit was received into evidence without there being some nexus shown between it and the appellant or the crime. The knife was found the morning after the burglary in the same room in which the appellant's companion had been arrested. Additionally, there was testimony that an inner door in the building had been pried and chiseled. These facts, along with the circumstance that the presence of the knife in an elementary school classroom was extraordinary, were sufficient to create a reasonable inference that the knife may have been used by the appellant or his confederate. It was therefore properly admitted within the trial court's exercise of discretion. See *Spence v. State*, 353 P.2d 1114 (Okl.Cr.1960).

■ Finally it is argued that the prosecution inferred that the appellant and his counsel shaped the evidence and committed perjury. The prosecutor drew attention to the fact that defense counsel had postponed making his opening statement until after all of the State's evidence was in; that only then did the defense declare what its evidence would be.

We are of the opinion the comment unfairly cast in a suspicious light what is a tactical and often employed trial procedure. Upon request, however, the trial court thoroughly admonished the jury to disregard the remark. From the record, it appears the error was cured and did not affect the verdict. See *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973).

The judgment and sentence is therefore AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.