Timothy OWENS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–346.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1982.

Margaret J. Herrington, Tecumseh, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Robbery With a Dangerous Weapon in Pottawatomie County District Court. He was sentenced by a jury to fifteen (15) years' imprisonment.

The appellant raises four arguments on appeal: (1) the jailer handcuffed him in front of several jurors, (2) the State improperly introduced evidence of other crimes, (3) pretrial publicity prejudiced his right to a fair and impartial jury, and (4) the pretrial identification procedures were impermissibly suggestive. We find that the cumulative effect of the first two assignments of error require reversal.

## I

During voir dire examination, the sheriff handcuffed the appellant while the jury was leaving the courtroom. It is apparent that several jurors viewed the appellant being handcuffed. The record reveals that the appellant stood up as the jurors were leaving and walked over to the jailer with his hands held out to be handcuffed. At which time, the jailer handcuffed him. Also, it appears that the appellant was viewed handcuffed by several jurors, a second time, in the hall during a recess. The trial court refused to grant the appellant's motion for mistrial but did admonish the jury that the handcuffs were not an indication of guilt.

In *French v. State,* 377 P.2d 501 (Okl.Cr. 1963), we stated that the trial judge:

> ... should use every precaution within his grasp to see that the defendant is not paraded before the jury or jury panel in chains or shackles. Before trial, if defendant's presence is necessary, the jury panel could be called into the court room and defendant unshackled outside the court room before entry. During trial, the jury could assemble in their deliberation room while defendant is brought in so they would not have the opportunity to see him while chained and shackled.

The right to a fair and impartial trial is a basic tenet of our judicial system. Further, the presumption of innocence is equally safeguarded by the due process requirement which requires the State to prove the accused is guilty beyond a reasonable doubt. *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In *Estelle v. Williams,* 425 U.S. 501, 505, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976), the Supreme Court articulated the magnitude of the trial court's duty of protecting the ac-

cused's presumption of innocence. The court asserted:

> To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process. In the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt.
>
> The actual impact of a particular practice on the judgment of jurors cannot always be fully determined. But this Court has left no doubt that the probability of deleterious effects on fundamental rights call for close judicial scrutiny. Courts must do the best they can to evaluate the likely effects of a particular procedure, based on reason, principle, and common human experience. (citations omitted)

■ Obviously, jurors may be prejudiced against an accused who is brought before them in handcuffs. Unfortunately, this undue prejudice may effect the jury's determination of the accused's guilt or innocence. This Court must determine from the record whether the error was harmless beyond a reasonable doubt. See *Boyle v. State,* 569 P.2d 1026 (Okl.Cr.1977). In making our decision we will examine: (1) whether encounter was intentional; (2) whether the evidence against the accused was overwhelming; (3) whether the accused waived any error, and (4) whether the prejudicial viewing occurred in the courtroom. *Lowery v. State,* 563 P.2d 1189, 1192 (Okl.Cr. 1977). In this case, several jurors twice viewed the appellant in handcuffs. Also, handcuffing occurred in the courtroom, at which time the appellant objected to the handcuffing and moved for a mistrial.

The appellant next contends that he was unduly prejudiced by the State introducing evidence of other crimes during its closing argument. The State made an offer of proof that the appellant had been previously arrested in Florida by a Deputy Burrow on an unrelated charge. Prior to Deputy Burrow's testimony the trial court specifically admonished the State not to introduce testimony of the Florida arrest. Despite this, the prosecutor, in total disregard of the trial court's warning, argued in closing that the appellant "was arrested in Florida a week later..."

■ This Court has consistently held when an accused is on trial for one offense, it is improper to admit evidence tending to establish his commission of other unrelated offenses. *Fetter v. State,* 598 P.2d 262 (Okl.Cr.1979); *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979); *O'Neal v. State,* 291 P.2d 375 (Okl.Cr.1956); *Hooper v. State,* 7 Okl.Cr. 43, 121 P. 1087 (1912). An exception to this rule is where evidence of other crimes tends to establish (1) motive, (2) intent, (3) absence of accident, (4) identity of the accused, and (5) common scheme or plan. 12 O.S.1981, § 2404(B).

■ Since none of these exceptions were applicable, we are of the opinion that the prosecutor's comment derogated the appellant's right to a fair trial on the robbery charge.

■ Although these errors when considered separately would not be sufficient in this case to justify reversal, the cumulative effect necessitates that this case be remanded for new trial.

REVERSED AND REMANDED.

BRETT, P.J., specially concurs.

BUSSEY, J., dissents.

BRETT, Presiding Judge, specially concurring:

I concur in this opinion. At the same time I do not subscribe to the establishment of a set of criteria by which the issue of potential prejudice to a handcuffed defendant is to be judged. The cases cited provide sufficient guidelines for this Court. The dictum in *French v. State,* supra, to which I must subscribe states:

> Though biologically speaking, man may be an animal, it was never intended that he be treated as such in the realm of criminal jurisprudence. If we permitted the subjection of man to such treatment

before the courts of our land, we have paved the way for him to be tried while tied to a log or in a steel cage, as well as chains and shackles. Barbarism has been abandoned and must never be permitted to creep back through the crevices created by lenient rules of law. Our statute in no uncertain language, says *"It shall not be done,"* and we see no reason for relaxing the rule. (Emphasis in original.)

BUSSEY, Judge, dissenting:

I must respectfully dissent. While the errors complained of may have caused the jury to impose a greater sentence than would normally be imposed, the evidence of defendant's guilt is overwhelming. I would affirm the judgment and sentence and modify the punishment from a sentence of fifteen years' imprisonment to a term of ten years' imprisonment.