ANGEL RUBIN ALDANA, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 16188

June 26, 1986                                    720 P.2d 1217

*Morgan D. Harris,* Public Defender, *Robert H. Thompson,*
Deputy, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J.
Miller,* District Attorney, *James N. Tufteland,* Deputy, *Walter
Ayers,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Angel Rubin Aldana appeals from a judgment of
conviction of three counts of attempted murder with the use of a
deadly weapon. We are persuaded that the district court erred in
refusing to instruct the jury on the law governing Aldana's theory
of defense. Accordingly, we reverse Aldana's judgment of con-
viction and remand the case to the district court for a new trial.

## THE FACTS

Aldana was arrested and charged with three counts of attempted murder with the use of a deadly weapon. Aldana pleaded not guilty by reason of insanity.

Uncontroverted evidence introduced at trial established that at midnight on March 16, 1984, Aldana shot and injured Pilar Aldana, his ex-wife, and two of her siblings at her Las Vegas apartment.

Although Aldana called no witnesses to testify on his behalf, Pilar and members of her family were called by the state and testified extensively about his behavior. They testified that Aldana became increasingly abnormal on the days preceding the shooting. He did not go to work, was extremely nervous, and sat on the floor shaking for extended periods of time. He was convinced that Pilar had taken a lover and that Pilar, her lover, and her family, were poisoning his food. Aldana became so abnormal that, several days before the shooting, Pilar scheduled an appointment for him to be examined by a counselor. Pilar's brother-in-law took Aldana to the Southern Nevada Memorial Hospital Mental Health Services Department for treatment twice on the day of the shooting. Although Pilar testified that she believed Aldana knew "right from wrong" at the time of the shooting, she characterized him as "crazy" at that time.

At the close of evidence, Aldana's counsel requested that the district court instruct the jury on the law governing the insanity defense. The district court refused, stating that, as a matter of law, the evidence did not support an insanity defense.

## THE LAW

Aldana argues that the district court erred in refusing to instruct the jury on the law governing the insanity defense. We agree. We have repeatedly stated that "[a] defendant in a criminal case is entitled, upon request, to a jury instruction on his theory of the case so long as there is some evidence, no matter how weak or incredible, to support it." Roberts v. State, 102 Nev. 170, 717 P.2d 1115 (1986). Consequently, unless "[n]o witness testified to any fact tending to show insanity of the defendant on the day of the homicide, and no opinion was expressed by any witness to that effect," State v. Hartley, 22 Nev. 342 (1895), a criminal defendant is entitled, upon request, to jury instructions on the law governing the insanity defense. Johnson v. State, 693 P.2d 1 (Okla.Cr. 1984). A criminal defendant need not introduce expert medical testimony regarding his sanity in order to be entitled to jury instructions on the law governing the insanity defense.

Criswell v. State, 84 Nev. 459, 443 P.2d 552 (1968); State v. Butner, 67 Nev. 436, 220 P.2d 631 (1950). It is "within the province of the jury to weigh the evidence . . . and determine whether appellant knew the nature and quality of [his] acts, had the capacity to determine right from wrong or knew whether [he] was doing wrong when [he] committed the crime." Clark v. State, 95 Nev. 24, 27, 588 P.2d 1027 (1979). In order to be entitled to jury instructions on the law governing the insanity defense, the defendant need only introduce some evidence tending to show he was insane when he committed the crime. *State v. Hartley, supra; Johnson v. State, supra.* Evidence introduced at trial supported the insanity defense: Pilar and members of her family testified that Aldana became increasingly abnormal on the days preceding the shooting; so abnormal, in fact, that they sought psychiatric help for him. Aldana requested that the district court instruct the jury on the law governing the insanity defense. The district court, therefore, erred in refusing to instruct the jury on the law governing the insanity defense. Our disposition of this issue renders it unnecessary to address Aldana's remaining assignments of error.

### DISPOSITION

We reverse Aldana's judgment of conviction and remand the case to the district court for a new trial.