**Robert SNYDER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–84–356.**

Court of Criminal Appeals of Oklahoma.

June 11, 1987.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Robert E. Kall, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Robert Snyder, was charged, tried and convicted in the District Court of Comanche County, Case No. CRM–83–903 of Assault and Battery on a Police Officer. In accord with the jury recommendation, appellant received a sentence of six (6) months imprisonment. From this judgment and sentence, he appeals. This Court finds appellant's assignments of error to be without merit and affirms.

The incident out of which this case arises began when on September 3, 1983, appellant, an inmate at the Lawton Community Treatment Center, refused to sign his misconduct report and started to eat it. Lindell Potts, Corrections Officer I, at the center had called the appellant to the dining area to receive a misconduct report. The report alleged the appellant had cashed his paycheck from Furr's cafeteria without budgeting it. This was a violation of center policy.

After refusing to sign the report, appellant stood up and began to eat it. Officer Potts then called to his supervisor, Vincent Guerassio, Corrections Officer II, for assistance. Officer Guerassio took the chewed report from appellant who then stood quietly against a wall. Officer Guerassio told Officer Potts to handcuff the appellant. As soon as Officer Potts handcuffed his right wrist, the appellant began to resist. While the officers held onto his wrists, the appellant pulled them around the room. When they came to the desk, the appellant pulled off an attached pencil sharpener and used it as a weapon to strike Officer Potts in the head some four times. Officer Guerassio then ordered Corrections Officer Christine Rovers to telephone the Lawton Police and have them send a patrol car. The appellant then grabbed the phone attempting to pull it out of the wall while Officer Rovers placed the call.

As Officers Potts and Guerassio tried to restrain the appellant the three men fell to the floor. In the course of the struggle, the appellant severely bit Officer Guerassio's thumb. Appellant eventually was handcuffed by the corrections officers. The Lawton police arrived shortly thereafter and took the appellant to the city jail.

Appellant makes three assignments of error. First, appellant contends the trial court committed fundamental error in refusing to grant a mistrial after jurors saw

him in handcuffs. Jailor Glen Stebleton brought the appellant up to the courtroom after the noon recess. He testified that he brought the handcuffed appellant by elevator to the courtroom fifteen minutes before the jurors were to return. One of the jurors accompanied them on the elevator. A second juror saw the appellant in handcuffs when Officer Stebleton and the appellant entered the courtroom. This juror had returned early from the noon recess. Officer Stebleton immediately took the appellant out of the courtroom. Defense counsel moved for a mistrial on the ground the defendant had been seen in handcuffs by members of the jury when court reconvened. The court denied the motion finding that the evidence had made clear to the jury that the appellant was then an inmate with the Department of Corrections. The court then admonished the jury.

■ Allegations of violations of fundamental rights require close scrutiny by this Court. After thorough examination of the record, we find appellant's assignment of error is without merit. An unintentional viewing by members of the jury of a handcuffed defendant while the jury is not impaneled in the jury box is harmless error where there is no showing that the defendant suffered prejudice thereby. *Owens v. State*, 654 P.2d 657 (Okl.Cr.1982); *Pisano v. State*, 636 P.2d 358 (Okl.Cr.1981); *Lowery v. State*, 563 P.2d 1189 (Okl.Cr.1977). The mere fact that a juror viewed the handcuffed appellant in the courtroom during the noon recess does not change the fortuitous nature of the encounter.

■ Appellant's second assignment of error is that the trial court denied appellant's oral request for jury instruction on self-defense. This Court has long held that a defendant is entitled, as a matter of law, to have the jury instructed on the law governing his theory of the case if it finds possible support in the evidence. This is so even if the evidence is discredited. *Broaddrick v. State*, 706 P.2d 534 (Okl.Cr.1985). However, this Court has also long held that error, if any, is preserved for appellate review by this Court only when a defendant makes his request for jury instructions in writing. Where a defendant does not make written request for jury instructions, this Court will not deem failure to give a instruction reversible error unless it is .of such fundamental nature as to deny the defendant a fair and impartial trial. *Meekins v. State*, 420 P.2d 267 (Okl.Cr.1966). After review of the entire record, we determine that the trial court's failure to instruct the jury on self-defense was not of such fundamental nature as to deny the defendant a fair and impartial trial. We therefore conclude this assignment of error is meritless.

■ Finally, appellant urges this Court to find the State failed to establish that Officers Potts and Guerassio were police officers and thereby failed to prove an essential element of assault and battery on a police officer. In support of this argument, appellant cites 21 O.S.1981, § 650(A), which defines police officers. This argument is without merit as appellant was charged under 21 O.S. § 649 which provides:

Every person who, without justifiable or excusable cause, knowingly commits any assault, battery, or assault and battery upon the person of a police officer *or other officer of the law* while in the performance of his duties as a police officer is punishable by imprisonment in the county jail not exceeding (6) months, or a by fine not exceeding five hundred dollars ($500.00) or by both such fine and imprisonment (Emphasis added)

Officer Potts testified he is authorized to bear arms and investigate inmate misconduct. Officer Guerassio testified he is the shift supervisor and is also authorized to bear arms. There can be no doubt that both Officer Potts and Officer Guerassio come within the statutory category "other officer of the law" as set forth in 21 O.S. 1981, § 649.

BUSSEY, J., concurs.

PARKS, J., dissents.

PARKS, Judge, dissenting:

I must respectfully dissent to the majority's resolution of the appellant's second assignment of error, asserting that the trial court erred in denying appellant's request for a jury instruction on self-defense.

It is established in this State that "a defendant has the right to have a clear and affirmative instruction given to the jury, applicable to his defense, based upon hypothesis that it is true, when such evidence affects a material issue in the case." *Woods v. State*, 485 P.2d 486, 488 (Okl.Cr. 1971). *See also Fleming v. State*, 401 P.2d 997 (Okl.Cr.1965). "'However, this proposition is valid only when such defense finds support in the evidence." *Cantrell v. State*, 561 P.2d 973, 976–77 (Okl.Cr.1977). *See Gann v. State*, 397 P.2d 686 (Okl.Cr. 1964).

The appellant presented the testimony of Tony Brooks, who stated that it was Officer Potts who initiated the altercation, thereby presenting a question of fact on this issue requiring the evidence to be weighed and decided by the jury. Mr. Brooks' testified as follows:

Q: Okay. And tell us what happened?

A: And Gene was—

Q: Gene—that's Mr. Snyder.

A: Mr. Snyder.

Q: Okay.

A: Was coming towards the count desk too from the other direction and he was tearing up a piece of paper. And Mr. Potts come up and grabbed him from behind and throwed him up against the count desk—

Q: Who did?

A: Mr. Potts.

(Tr 53)

Q: Okay. How did he do that? Push him" Shoved him?

A: Pushed—shoved him into the count desk.

Q: How hard?

A: Pretty hard. Gene grabbed the—grabbed ahold of his stomach like this and—

Q: Okay, then what happened?

A: Gene started struggling with him—with Mr.—Mr.—yeah, Mr. Potts, then Mr. Guerassio come out from behind the count desk and grabbed ahold of him.

(Tr 54)

In its brief, the State recognized and pointed out the factual "conflict between the State's case and the defendant's case" with regard to who initiated the altercation. The trial court refused to instruct on the appellant's theory of self-defense, which was supported by Brooks' testimony, and which was a material issue to the charge of assault and battery on a police officer. The instructions given to the jury did not cover this issue. "It is fundamental that the trial court must instruct on all material issues raised and having some support in the evidence." *Perkins v. State*, 492 P.2d 383 (Okl.Cr.1971). The trial court refused defense counsel's request for an instruction on self-defense stating: "The Court's considered the applicability of self-defense instructions and does not consider those to be applicable in this case because there is no evidence that the police officers initiated the altercation." (Tr 83) The trial court's ruling constitutes a clear abuse of discretion in light of Brooks' testimony that Officer Potts initiated the altercation by shoving the appellant. As I stated in *Broaddrick v. State*, 706 P.2d 534, 537–38 (Okl. Cr.1985) (Parks, P.J., Specially Concurring):

This [is] clearly contrary to 22 O.S.1981, § 834, which states, in pertinent part, that 'questions of law are to be decided by the court, and questions of fact are to be decided by the jury....' Our current approach—the practice of this State since time immemorial—has been to require the trial court to give a theory of defense instruction, if requested, when there is *any* evidence in the record to support the defense, and even if the evidence is discredited. *See White v. State*, 458 P.2d 322, 327 (Okl.Cr.1969). *See also Finley v. State*, 84 Okl.Cr. 309, 181 P.2d 849 (1947) (theory of defense instruction should be given where that position finds 'possible support in the evidence'). Any heavier standard would usurp the sacred obligation of the jury to be the exclusive trier of fact.

Accordingly, I respectfully dissent.