**Willie MARSALIS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–534.**

Court of Criminal Appeals of Oklahoma.

June 22, 1987.

Rehearing Denied July 9, 1987.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Crim. Div., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Willie Marsalis, was convicted of the crime of Assault and Battery with a Dangerous Weapon in the District Court of Tulsa County in Case No. CRF–84–3849 and was sentenced to four (4) years' imprisonment, and he appeals.

Briefly stated the facts are that on October 6, 1984, the appellant and Charles LeBlanc, both of whom were residents at the Tulsa YMCA, got into an argument and the appellant shot LeBlanc in the chest with a .22 caliber pistol. A few minutes after the shooting, appellant admitted to two police officers that he shot LeBlanc, and the officers seized a loaded pistol from him as well as ten rounds of ammunition. At trial, both officers testified that they believed

appellant was intoxicated. However, appellant stated that he had consumed only two (2) shots of gin the night that the shooting transpired. Appellant also testified that he was acting in self-defense when he shot LeBlanc.

In his sole assignment of error appellant contends that the trial court committed reversible error in failing to give his requested instructions regarding the defense of voluntary intoxication. This Court has held that when voluntary intoxication is raised as an affirmative defense, an accused must introduce sufficient evidence to raise a reasonable doubt as to his ability to form the requisite criminal intent before it becomes a question for determination by the jury. *Norman v. State*, 648 P.2d 1243 (Okl.Cr.1982). In the instant case, appellant relied upon the defense of self-defense, not intoxication, and the only evidence of intoxication was elicited from prosecution witnesses who observed appellant's behavior. In fact, appellant testified that he consumed only two (2) shots of gin the night the shooting occurred. Since appellant failed to introduce any evidence to support the intoxication theory of defense, we find that no reversible error was committed by the trial court's failure to instruct the jury regarding the defense of intoxication. Additionally, we do not believe that appellant suffered any prejudice as a result of the trial court's failure to give his requested instructions in that the jury found him guilty of the lesser included offense and imposed a light sentence for such a serious crime. This assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.