**Paul STARR, Jr., Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15240.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

J. L. Pazoureck, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Max Martin, Asst. Attys. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal from the District Court of Canadian County, Oklahoma, where Paul Starr, Jr., hereinafter referred to as defendant, was charged, tried and convicted for the offense of Burglary in

the Second Degree, After Former Conviction of a Felony.

The uncontroverted evidence adduced on the trial reflects that on the evening of the 14th day of February, 1968, the defendant and one William F. Tiffie, were apprehended after Officer Sullivan observed them leaving the burglarized premises of the Shandell Place; the premises had been broken into and considerable damage was done inside.

At the conclusion of the evidence offered on behalf of the State on the primary charge, the jury retired to deliberate and found the defendant guilty. Thereafter, over the objection of the defendant, the State was permitted to prove the former conviction predicated on a plea of guilty at which time the defendant was represented by counsel. The jury found him guilty of Burglary in the Second Degree, After Former Conviction of a Felony, and sentencing was fixed by the court at seven years imprisonment in the state penitentiary.

■ Defendant urges that the trial court erred in admitting evidence of the former conviction in the second stage of the two-stage proceeding for the reason that no proof was offered at the preliminary examination of the former conviction as required under our decision in Carter v. State, Okl.Cr., 292 P.2d 435. Defendant correctly contends that proof of the former conviction should have been made at the preliminary examination under the authority of *Carter*, supra, and had a timely Motion to Quash been filed, as was done in the *Carter* case, with exceptions taken to the ruling of the court, a serious question would be preserved for review on appeal; but when the defendant appeared in open court, announced ready for trial, proceeded to trial without interposing a timely Motion to Quash, he waived any error occurring at the preliminary examination. His objection came too late after he proceeded to trial.

In the case of Rapp v. State, Okl.Cr., 413 P.2d 915, the preliminary information did not allege a prior conviction. Defendant waived preliminary hearing. An information was then filed which failed to charge any prior convictions. Subsequently, the information was amended to charge prior convictions. Defendant went to trial without objecting to the information as amended. Defendant was convicted, and on appeal he contended that the lack of a preliminary hearing on the second and subsequent charge was a violation of his rights. There, we said:

"It is our opinion that defendant waived all objections to such amendments when he entered his plea and proceeded to trial without timely offering those objections."

In accordance with Rapp v. State, supra, we are of the opinion that the defendant preserved nothing for review on appeal and that this assignment of error is without merit.

■ We observe in the instant case that the trial court, in sentencing the defendant to the minimum punishment which could have been imposed for the offense of Burglary in the Second Degree, After Former Conviction of a Felony (seven years), through inadvertence omitted to recite the former conviction, but sentenced the defendant for the offense of Burglary in the Second Degree. We do not believe that this omission requires that the defendant be returned for correction of the judgment and sentence to reflect the former conviction since defendant could have received seven years for the primary offense of Burglary in the Second Degree. In the Syllabus of Ex parte Shockley, 78 Okl.Cr. 101, 144 P.2d 118, we stated:

"(3) While it might be better practice to recite in judgment and sentence the fact of a previous conviction, it is not necessary to do so.

(4) A judgment and sentence is not rendered void by reason of a failure to recite therein the fact of a previous conviction."

Having determined that the proof of defendant's guilt is overwhelming and the

record is free of any error which would require modification, reversal, or correction, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., concurs in results.

NIX, J., concurs.