Fred GESSMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16644.

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1972.

Erwin & Butts, Chandler, for appellant.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Fred Gessman, hereinafter referred to as defendant, was convicted in the District Court of Lincoln County, Case Number CRF–70–37, of driving while intoxicated, second offense (47 O.S., § 11–902). Defendant was tried in a two-stage proceeding and the jury assessed the punishment at not less than one (1) nor more than three (3) years imprisonment and a fine of Two Hundred Fifty Dollars ($250.-00). Judgment and sentence was imposed on November 6, 1970, and this appeal perfected therefrom.

The evidence established that on May 23, 1970, Donna Sue Turk was driving a 1963 Chevrolet approximately four miles east of Chandler, in Lincoln County, at about 4:30 p. m., when a 1963 Rambler, approaching her from the opposite direction, turned in front of her and struck the left front end of her vehicle. Miss Turk's Chevrolet was knocked about 100 feet from the impact off the road while the Rambler remained setting in the middle of the highway. After Miss Turk got out of her car, she approached the Rambler and saw the defendant get out on the driver's side of the car, from under the steering wheel. Miss Turk recognized a passenger in the Rambler as being Corby Weaver. According to Miss Turk, the defendant had trouble getting out of his car, staggered, was barefoot, and then walked around using profanity.

Ernest Talley testified that he had been following the Rambler and witnessed the automobile accident when the Rambler turned into the path of an approaching car. Mr. Talley testified that the Rambler was occupied by two men and that the one identified as the defendant, was driving. According to Mr. Talley, the defendant denied that he was driving the Rambler. Mr. Talley testified that he saw the defendant get out on the driver's side of the Rambler, and that defendant was barefoot and smelled of alcohol.

Highway Patrolman Newman arrived at the scene of the accident and found that the driver of the Rambler was gone. Officer Newman testified that the Rambler, located in the middle of the roadway, could not be moved and it was necessary to summon a wrecker to move it. While investigating the accident and while looking for the driver of the Rambler, Officer Newman saw a half-empty bottle of whiskey in the passenger area of the Rambler and seized it. Two other highway patrolmen, Officers Hancock and Wiseman, were summoned to the scene to assist with the accident, direct traffic, and clear the wreckage off the highway. Officers Hancock and Wiseman then began looking for the driver of the Rambler, who was missing. After

going to the Sheriff's office, Officers Hancock and Wiseman returned to the scene of the accident about 12:20 a. m. of May 24, about one and one-half hours after the accident, and found the defendant asleep inside the cab of a windrower located some 300 feet from the scene of the accident. The officers aroused the defendant, took him from the cab of the machine, and took him to the Sheriff's office. The officers described the defendant as barefoot, unsteady on his feet, smelling of alcohol, and having slurred speech.

The defense called Corky Weaver who testified that he was a passenger in the Rambler driven by the defendant on the evening of May 23, 1970. According to Mr. Weaver, he and the defendant had two beers apiece at the defendant's house before going to a tavern to get a case of beer just prior to the accident. Weaver stated that the defendant was capable of driving at the time defendant had the collision. After the collision, Mr. Weaver testified that the defendant left the scene.

The defense also called James Thomas, who testified that he was an acquaintance of the defendant and that defendant walked with a peculiar swing.

■ It is defendant's first contention that he was arrested illegally. Defendant argues that a warrant of arrest was issued on May 23, 1970 for the defendant, although the information charging the defendant with a crime was not filed until May 27, 1970. Since 22 O.S.1971, § 171 provides for a filing of a verified complaint prior to the issuance of a warrant of arrest, defendant contends that his arrest was improper.

■ It is clear that the defendant was arrested when Officers Hancock and Wiseman found him in the windrower machine and took him into custody. The validity of the defendant's arrest is not dependent upon the warrant for arrest. 22 O.S.1971, §§ 186 and 190. It is immaterial whether or not the officers advised the defendant that he was under arrest at the windrower machine, since the actual restraint of his person and taking him into custody constitutes an arrest. We are of the opinion that the officers were justified in arresting the defendant as they had probable cause to believe that he had committed a felony in that he, as driver of the vehicle involved in an accident resulting in damage and injury, left the scene in violation of 47 O.S.1971, § 10–102, which requires that such a person "shall remain at the scene of the accident" until he has given his name, address, registration number, and operator's license and rendered aid. The officer had learned his identity and had ample reason to seek him out. Furthermore, upon finding the defendant, the officers were justified in arresting him for a misdemeanor committed in their presence in that he had committed the offense of public intoxication.

■ However, even if the arrest was unlawful, which it was not, it would not constitute reversible error. "The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, nor is it a ground for quashing the information. And it does not preclude trial of the accused for the offense." Harrison v. State, Okl.Cr., 461 P.2d 1007, 1009 (1969).

■ It is defendant's second contention that the examining magistrate erred in binding defendant over for trial since the evidence at the preliminary examination was insufficient. At a preliminary examination, it is only necessary that the evidence indicate that a felony was committed and that there be reasonable cause to believe the defendant guilty thereof. It is not necessary that the evidence at the preliminary be sufficient to support a conviction. Taylor v. State, 96 Okl.Cr. 1, 247 P. 2d 749. Upon examining the transcript of the preliminary examination, we are satisfied that the evidence was sufficient to bind the defendant over for trial on the charge, subject to proof of the former conviction for the same offense.

■ In this regard however, petitioner further argues that the examining magis-

trate erred in binding the defendant over for trial since there was no evidence of a prior conviction for driving while intoxicated. It appears that at the preliminary hearing, the State did not prove a prior conviction for driving while intoxicated, but that the examining magistrate took judicial notice of the defendant's prior conviction in the same court. Unquestionably this was improper procedure. A prior conviction must be proved by the State with the introduction of a proper and duly certified judgment and sentence. However the State argues in this regard, that defendant entered a plea at arraignment in the District Court; and thereafter any preliminary defect was waived when the plea was entered at arraignment. See: Gates v. District Court, Okl.Cr., 425 P.2d 1008. On the other hand, the appearance docket reflects that defendant was arrested on May 27, 1970, had his initial appearance before the magistrate on May 28th, and on June 3rd filed his motion to quash and set aside the information prior to his preliminary examination. On the same day, at the conclusion of his preliminary examination, defendant was ordered to stand trial. On August 3rd defendant again filed his motion to quash and set aside the information; and on that same date, arraignment was set for August 5th. On the day set for arraignment, the state was permitted to amend the information to allege the former conviction on a separate sheet; arraignment was reset for August 17th. On that date, defendant refiled his motion to quash and filed a demurrer to the information; and at the arraignment, prior to the entering of a plea the motion to quash and demurrer were both overruled, allowing defendant exceptions.

■ Consequently, the state's argument would be valid if this alleged error constituted merely a procedural defect; but the error is not one of procedure; instead, it is an error substantive in nature. "The question of the defendant's right to be informed in the magistrate's preliminary complaint that he must face the charge as a second or subsequent offender because of a prior conviction or convictions, is a matter of substance and not just form." Carter v. State, Okl.Cr., 292 P.2d 435, 438 (1958). If the allegation of former conviction for the offense is a substantive matter, it only stands to reason that the proof thereof is likewise a substantive matter; and it was error for the magistrate to take judicial notice, without requiring proof, of the former conviction for driving while intoxicated. Statutes whose sole purpose is to enhance punishment for second or subsequent convictions, or crime, are purely penal in nature and must be strictly construed. Rogers v. United States (CCA 10) 325 F.2d 485, vacated on other grounds 378 U.S. 549, 84 S.Ct. 1932, 12 L. Ed.2d 1041, rehearing denied, 379 U.S. 873, 85 S.Ct. 22, 13 L.Ed.2d 81; State v. McGriff, 7 Ariz.App. 498, 441 P.2d 264; Application of Landreth, 213 Or. 205, 324 P. 2d 475; State ex rel. Smith v. Jameson, 80 S.D. 333, 123 N.W.2d 300. Where proof of a single fact distinguishes between a conviction for a misdemeanor, or a conviction for a felony, for the commission of the same category of proscribed statutory actions, there must be proof of that evidentiary fact.

■ It is true that a court may take judicial notice of certain presumptions and facts of common knowledge, as well as certain records maintained in that court; but the court does not have authority to take judicial notice of substantial matters requiring proof, as in this case. This Court pointedly held in Johnston v. State, 46 Okl.Cr. 431, 287 P. 1068 (1930), concerning necessary proof at trial of a prior conviction, "The court could not take judicial notice of the former conviction, . . ." Hence, sufficient proof to bind the defendant over to stand trial on the felony charge was not offered the magistrate at preliminary examination.

■ It is defendant's third contention that the search and seizure of the open bottle of liquor from his car was illegal and that, therefore, the trial court erred in admitting the bottle and testimony concern-

ing same. We are of the opinion, under the evidence in this case, that the officer, while engaged in his lawful duty of investigating an automobile accident on the public highway, had reasonable cause to examine the wrecked automobile blocking the roadway. The officer was justified in looking into the automobile in order to ascertain whether or not there were injured persons, and to see if the automobile could be removed or would have to be towed away. An officer is authorized by statute to remove a vehicle from a highway which is an obstruction to traffic. 47 O.S.1971, § 11–1002. Thus while the officer was lawfully examining the automobile, he saw the bottle exposed to open view and therefore had reasonable cause to seize the bottle as evidence of the commission of a public offense. We therefore conclude that the seizure of the liquor bottle from the defendant's wrecked automobile was lawful and it was properly admitted into evidence.

■ It is defendant's fourth contention that the evidence was insufficient to support the jury's verdict. Defendant argues that the evidence that he had been operating the automobile while intoxicated is insufficient. We disagree.

Two witnesses testified that the defendant was driving the Rambler when it turned into the path of an approaching car. After the collision, two witnesses saw the defendant get out of his vehicle from the driver's side. Even the defendant's own witness, who was a passenger in defendant's vehicle at the time of the collision, testified that the defendant was driving the car. As to intoxication, two witnesses at the scene, who saw the defendant exit his vehicle, testified that his general appearance indicated intoxication. Furthermore, three officers who apprehended the defendant some hour and half after the accident, testified that in their opinion the defendant was intoxicated at that time. It is true that the officers' testimony alone would be insufficient to prove that the defendant was intoxicated at the time of the accident due to the lapse of a considerable period of time. However, since witnesses testified that the defendant was intoxicated when he exited his vehicle and when apprehended some hour and a half later, it is reasonable to conclude that the defendant was indeed intoxicated while driving.

Defendant's last contention is that the punishment is excessive. Under the facts contained in the record before the Court, because of the prosecutor's failure to offer sufficient proof at the preliminary examination, the punishment is excessive; and for the reasons herein stated the judgment and sentence in this conviction must be modified from a conviction for the felony offense of driving while intoxicated, to a conviction for a misdemeanor offense of driving while intoxicated; and the sentence must be modified from not less than one (1) year, nor more than three (3) years imprisonment, to confinement in the county jail for one (1) year and a fine of $250.00 and court costs; and as modified the judgment and sentence is affirmed.

It is so ordered.

BUSSEY, P. J., and SIMMS, J., concur.