Roy A. PISANO, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–339.

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1981.

. . . .

No. 10

. . . .

No. 13

Gary Peterson, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Macy, Dist. Atty., Susan Werner, Asst. Dist. Atty., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

Roy A. Pisano was convicted of Robbery With Firearms in Oklahoma County District Court. He was sentenced to fifteen (15) years' imprisonment.

The evidence indicates that on August 28, 1978, the appellant and four (4) companions visited three (3) jewelry stores including Samuel Gordon's in Oklahoma City. The five spent approximately thirty (30) minutes in Samuel Gordon's at that time. The next morning, Pisano, a co-defendant, and a Mr. Kinny returned to Samuel Gordon's and committed the robbery. Debra Sue Evans, the appellant's girlfriend, testified that on the morning of August 29th, Pisano returned to their apartment with the jewelry and money that had been taken from the store. Additionally, two (2) employees of Samuel Gordon's identified Pisano as one of the men who had robbed the store.

The appellant contends his constitutional rights were violated by the trial court's refusal to allow him to testify regarding the suggestiveness of a pretrial lineup. We first note that he was denied counsel at the lineup which was conducted after the information had been filed. In *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), the Supreme Court ruled that a post-indictment lineup conducted without the assistance of counsel or a valid waiver of assistance, was a violation of the Sixth Amendment. However, evidence of the lineup identification of appellant by two (2) witnesses was not admitted at trial.

In *Thompson v. State*, 438 P.2d 287 (Okl. Cr.1968), this Court recognized various factors to be considered in determining whether the witness had an independent source for the identification which would remove the taint of the illegal lineup. These factors were set out by the Supreme Court in *United States v. Wade, supra*, at 388 U.S. 241, 87 S.Ct. at 1939 as follows:

"... the prior opportunity to observe the alleged criminal act, the existence of any discrepancies between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification of the defendant by picture prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and lineup identification."

In this case, both identifying witnesses viewed the defendant in a well-lighted area the day before the robbery and again on the day of the robbery. Witness Roach failed to identify Pisano in a photographic display before the lineup. Witness Gorschic successfully identified the appellant's photograph. Both witnesses testified at the *in camera* hearing that their identification was based on observation of the appellant at the jewelry store and not on the lineup. However, at the preliminary hearing, Roach testified that the lineup did aid her in-court identification.

■ Because of Roach's failure to identify the appellant prior to the lineup and her contradictory statements regarding the effect of that lineup, we find that her in-court identification should have been suppressed. However, Gorschic's testimony was clearly shown to have been free of any taint from the illegal lineup. Although Roach's testimony was improperly admitted, we find no reversible error since his identification was merely cumulative. *Schneider v. State*, 538 P.2d 1088 (Okl.Cr. 1975).

■ In his second proposition, the appellant argues that he was unlawfully paraded while in handcuffs before the trial jurors. Title 22 O.S.1971, § 15, provides in part that a defendant "... in no event shall be tried before a jury while in chains or shackles." In this case, the appellant was not taken into the courtroom in handcuffs, but he was viewed in handcuffs by several jurors in the hallway outside. In *Lowery v. State*, 563 P.2d 1189 (Okl.Cr.1977), this Court ruled that the viewing of the defendant in handcuffs by several jurors outside the courtroom was not per se reversible error. Absent a showing that the occurrence was other than fortuitous or that the appellant

suffered some prejudice, the Court finds this argument without merit.

■ The third assertion centers on an alleged conflict of interest which deprived the appellant of his right to effective counsel. The two co-defendants were each represented by attorneys from the Public Defender's Office. The appellant and his co-defendant waived the right to have a private attorney appointed. In *Cummings v. State*, 578 P.2d 377 (Okl.Cr.1978), this Court held that an accused has the right to waive his right to counsel, if the waiver is made "knowingly and intelligently." It follows that the defendant may waive any conflict of interest as long as the waiver is made "knowingly and intelligently." The record reflects that each of the attorneys for the co-defendants fully advised his client of the possible conflict and its consequences. Therefore, we find that each co-defendant knowingly and intelligently waived any potential conflict of interest and is not now free to revoke that waiver.

■ Finally, the appellant claims that two (2) of the instructions given the jury were erroneous. The appellant maintains that Instruction No. 5 which read in part, "[w]hen robbery is committed by use of a firearm, that is the one doing the robbing presents a gun and demands money, fear is presumed and the State need not prove fear by independent evidence. . . .", lessened the State's burden of proof.

■ In this case, the appellant was charged with violation of 21 O.S.1971, § 791 and 21 O.S.Supp.1978, § 801, which defines robbery as a wrongful taking by means of "force *or* fear." In *Whitehead v. State*, 526 P.2d 959 (Okl.Cr.1974), this Court held that the State must show either force or fear, but is not required to show both force and fear. Since testimony was sufficient to establish the element of force, it was unnecessary to establish fear also. Additionally, this Court has consistently held that fear is presumed on the part of the victim when a firearm is pointed at him. *Whitehead, supra; Hazelwood v. State*, 538 P.2d 1072 (Okl.Cr.1975). For these reasons, we find appellant's proposition to be without merit.

■ The appellant further asserts that the trial court's refusal to give his requested cautionary instruction regarding eyewitness identification was error. In *Hall v. State*, 565 P.2d 57 (Okl.Cr.1977), this Court recognized that there are times when a cautionary instruction would be proper. In *Hall*, we cited with approval the guidelines set forth in *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820, *cert. denied*, 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954). In *Kloiber*, the Pennsylvania Supreme Court ruled that a cautionary instruction is not necessary if the following conditions prevailed: (1) if there was a good opportunity for positive identification; (2) if the witness is positive in his identification; (3) if the identification is not weakened by prior failure to identify; and (4) if the witness remains positive as to the identification, even after cross-examination.

The facts in this case clearly establish that the aforementioned conditions were prevalent in regard to witness Gorschic's identification, thus making a cautionary instruction unnecessary. *See also, Roberts v. State*, 620 P.2d 425 (Okl.Cr.1980).

The judgment and sentence is hereby AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.