Willie Gee MAYHAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–294.

Court of Criminal Appeals of Oklahoma.

March 14, 1985.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge.

Appellant, Willie Gee Mahan, was found guilty of Robbery in the First Degree, After Former Conviction of Two Felonies, in Oklahoma County District Court, Case No. CRF–82–3126, and was sentenced to thirty (30) years in prison; he appeals.

The State called three witnesses: the victim, Chris Barten, his wife, Zoe Barten, and Don Evans, a policeman. Mrs. Barten testified appellant, accompanied by another man, came to her front door to inquire about a car her husband had for sale. They wanted the keys to the car so they

could listen to the motor. Mrs. Barten told them she did not have the keys but her husband, who was working at a house a couple of doors down the street, did. Mr. Barten said the two men approached him in the garage where he was working and expressed interest in the car but again they wanted the keys to start it up and listen to the motor. Barten told them the keys were at the house and he would have to go get them. As Barten turned to go to the house, appellant grabbed him from behind, threw him to the floor, and demanded the keys. Appellant struck Barten several more times before he was convinced Barten did not have the keys. Ultimately appellant took Barten's watch and billfold which had $120 to $160 in it. Appellant then tied Barten up and stole his pick up truck. The only offense charged in this case is for the money that was taken.

In the early morning hours appellant, his companion, and an unidentified woman were arrested in the truck. Officer Evans was the backup patrolman when appellant was apprehended. Barten was called to the scene of the arrest to identify his truck and take it home. He was able to identify it, although several items were missing from it. Officer Evans testified appellant was one of the occupants of the truck.

■ Appellant's first objection is the testimonial evidence of the theft of the truck, watch, and the equipment that was missing from the truck when it was recovered. The State had given appellant notice this evidence would be introduced pursuant to *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). Appellant claims the notice was untimely and inadequate. An examination of the record shows this objection to be totally without merit. The notice was given five weeks before trial, which is substantially longer than the minimum requirement of ten (10) days. The exception under which this testimony was introduced was identity. The only witnesses to the crime were the appellant, his accomplice, and the victim. Appellant's possession of the stolen truck when he was arrested corroborates the victim's identification. The State substantial-ly complied with the remaining five guidelines set out in *Burks*.

■ Because the State elected to use the truck theft evidence in this trial, but did not join the two offenses, the appellant cannot now be tried for the truck theft. *Chaney v. State*, 612 P.2d 269 (Okl.Cr. 1980), *modified* on other grounds, *sub. nom.*, *Chaney v. Brown*, 730 F.2d 1334 (10th Cir.1984).

■ Appellant's next assignment of error is a claim there was an evidentiary harpoon. The objectionable evidence was solicited by appellant's own attorney on cross-examination. The answer was responsive to the question posed and was not a deliberate jab at appellant's character. The answer and the question occupied a very nominal place in the whole of that witness' testimony. We find no prejudice occurred. *See Ferguson v. State*, 675 P.2d 1023 (Okl.Cr.1984).

■ The next assignment is an objection to the presence of an armed deputy in the courtroom during the trial. The record reflects appellant did object at some point to the deputy's presence, however, the record does not reflect when the objection was first made, nor does it contain the arguments given to support the objection. There is no indication where the deputy was located in proximity to appellant. The trial judge ruled the deputy's presence was justified under the circumstances and there being no evidence of fundamental error, the trial court's ruling is affirmed. *Hart v. State*, 535 P.2d 302 (Okl.Cr.1975).

■ Appellant's next issue deals with the adequacy of the jury instructions. The uniform jury instructions were not given, and appellant did not object at trial to the instructions that were given. Appellant claims the Oklahoma Uniform Jury Instructions must be used on or after May 1, 1982, which was prior to the trial of this case, and cites for authority 12 O.S. 1981, § 577.2 and a Per Curiam order issued by this Court dated November 10, 1981. The purpose for sanctioning a set of uniform instructions was to eliminate this type of

issue in most cases. The brevity and clarity of the uniform instructions is a benefit to the prosecution, defense, court and jury. In this case, however, the judge did not take advantage of this tool; the prosecutor and the defendant's attorney did not require, by motion, the court to use the uniform instructions. The failure to use the uniform instructions is not a fundamental error per se and, there being no objection at trial, this Court will only determine whether the instructions given adequately covered the offense charged. *Byrd v. State,* 657 P.2d 183 (Okl.Cr.1983).

The instructions given regarding the elements of the crime were verbatim the statutes applicable to the offense. 21 O.S. 1981, §§ 791, 795, 797. We find the jury was adequately instructed. *See Allen v. State,* 674 P.2d 1149 (Okl.Cr.1984); *Soap v. State,* 562 P.2d 889 (Okl.Cr.1977). The other objections made to the instructions were not raised at trial and were not fundamental in nature. We find no reversible error. *See Hammer v. State,* 671 P.2d 677 (Okl. Cr.1983); *Nealy v. State,* 636 P.2d 378 (Okl.Cr.1981).

Appellant's final issue is an objection to his court-appointed counsel's effectiveness. Appellant has failed to prove, and the record does not support this contention, that he was denied a fair trial due to ineffective assistance of counsel. *See Taylor v. State,* 659 P.2d 362 (Okl.Cr.1983). This issue is also without merit.

The judgment and sentence is AFFIRMED.

PARKS, P.J., concurs.

BUSSEY, J., concurs in Result.