James BUCKNER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–232.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from his conviction of Escape from a Penal Institution, in the District Court of Pittsburg County, Case No. CRF–83–241, in which he received the minimum two (2) year sentence, the appellant raises a single assignment of error.

The appellant alleges that the trial court committed reversible error in overruling his motion to strike the case from the trial docket because he was exposed to the jury panel while he was in shackles, yet was not allowed to examine the jury to determine if this had any effect on them.

The record reflects that the Honorable Judge Robert A. Layden notified the attorneys while in chambers that a member of the jury had informed the court that he had seen prisoners in shackles the day before and that one of them looked a great deal like the appellant. However, the record clearly shows that the viewing was outside the courtroom, and that not all of the jury panel was present.

As the appellant correctly states in his brief, this Court has held that the viewing of an accused by several jurors outside a courtroom while he was in handcuffs is not per se reversible error. There must be a showing that the viewing was other than fortuitous or that the accused suffered some prejudice. *Pisano v. State*, 636 P.2d 358 (Okl.Cr.1981), *cert. den.*, 456 U.S. 963, 102 S.Ct. 2041, 72 L.Ed.2d 487 (1982).

The evidence as to the guilt of the appellant is overwhelming and uncontroverted. There being no evidence that the encounter was other than fortuitous, and no prejudice being shown, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.