**Larry Louis GILBERT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–75.**

Court of Criminal Appeals of Oklahoma.

March 18, 1987.

Eugenia T. Baumann, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Robert E. Kall, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Larry Louis Gilbert, was convicted of the crime of Robbery with Firearms After Former Conviction of a Felony in Case No. CRF–84–874 in the District Court of Oklahoma County and was sentenced to twenty-three (23) years imprisonment, and he appeals.

Briefly stated the facts are that on December 10, 1983, two men, one of whom was the appellant, entered Buchanan's Grocery Store at 59th and South Western in Oklahoma City shortly before closing time. After walking around the store for a few minutes, the two men proceeded to the checkout area, and the appellant pulled a gun from his waistband. The appellant then ordered the store manager into the desk area, and appellant took two (2) bags out of the area as well as some other money, totalling approximately one thousand five hundred dollars ($1,500).

During the robbery incident, there were four (4) people present who all testified at trial, and positively identified appellant as one of the perpetrators. The appellant presented no evidence at trial.

In his sole assignment of error, appellant contends that the trial court erred in refusing to submit to the jury his requested cautionary instruction on eyewitness identification. We disagree.

In *Pisano v. State*, 636 P.2d 358, 361 (Okl.Cr.1981), this Court held that:

A cautionary instruction is not necessary if the following conditions prevailed: (1) if there was a good opportunity for positive identification; (2) if the witness is positive in his identification; (3) if the identification is not weakened by prior failure to identify; and (4) if the witness remains positive as to the identification, even after cross-examination.

In the present case these elements were clearly met. All four of the eyewitnesses had a good opportunity to view the appellant, and all four were positive in their identification and remained so even after cross-examination. Also, none of the eyewitnesses ever failed to identify the appellant as one of the perpetrators. Three of the four picked appellant's picture in a photographic lineup, and the fourth witness was never presented a photographic lineup because she had moved out of the state. At a physical lineup all of the witnesses failed to pick out anyone, and in fact, appellant was not in the lineup.

In rejecting the request for a cautionary instruction, the Honorable James B. Blevins found that the conditions set forth in *Pisano* were clearly met:

All right. The Defendant's request, including OUJI Criminal Number 820 as an Instruction, is overruled as there were four witnesses who testified and had the opportunity to observe the assailant clearly and certainly at the time the robbery was committed, that all four were positive in their identification and that their identification was not weakened by any prior failure to identify because the testimony was that they had nobody to identify until they were given the photographs on the pictorial type. I think there was twenty-four pictures given and all of them had picked out the Defendant. That at the time of the actual lineup, physical lineup, that the Defendant was not in that group and all four witnesses that gave the positive I.D. said he was not in that group, and that none of their testimony was weakened on cross examination. They were all quite firm.

We agree with the trial court's ruling and accordingly find that this assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.