**Bobby Frank RENFRO, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–84–663.

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1987.

On Rehearing March 26, 1987.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Bobby Frank Renfro, was convicted of the crime of Robbery with a Dangerous Weapon, Rape in the First Degree, Attempted Sodomy and Sodomy, all after conviction of a felony in Case No. CRF–82–4438 in the District Court of Tulsa County and was sentenced to fifty-five (55) years, ninety-nine (99) years, ten (10) years, and ninety-nine (99) years imprisonment, respectively, and he appeals.

On December 7, 1982, the appellant and a friend entered a tavern in Tulsa, Oklahoma and spent approximately two (2) hours drinking and playing pool. During the time that the two men were at the bar, W.S., a bartender at the club, and G.N., who was there looking for her sister who was employed at the bar, were both

present. Approximately two (2) hours later, appellant and his friend left the bar, and at that point W.S. and G.N. were the only people left in the bar. About twenty (20) minutes later, the appellant returned to the bar alone, and a few minutes later he grabbed G.N. from behind and held a knife to her throat. He demanded money from W.S. who removed the cash from the register and placed it on the bar. He then ordered W.S. to lock the door. After she complied, he grabbed G.N. by the hair, drug her behind the bar and ordered her to "go down on him." After G.N. was forced to orally sodomize him, he ordered both women to disrobe and lie down side by side. He then raped G.N. while holding a knife to her. After raping G.N., the appellant held the knife to W.S. and attempted to force her to commit oral sodomy by putting his penis in her face and ordering her to "suck it." However, the attempt was unsuccessful, and W.S. became ill and vomited.

Subsequently, appellant forced both women, still disrobed, into the bathroom where he moved the knife blade up and down their backs. After pleading for their lives, both women were allowed to dress and were again ordered to return to the bathroom, and to stay there for forty-five (45) minutes or he would kill them. The women listened to determine if he had left, but heard sounds of food and drink being prepared. When they were assured that appellant had departed, they exited the bathroom, barred the door and called the police. They observed that the money on the bar was missing.

The two women identified appellant as the assailant at a photographic lineup, a physical lineup and at trial.

As his first assignment of error the appellant contends that the trial court committed reversible error in failing to grant a mistrial based upon G.N.'s interjection during the guilt stage of the bifurcated trial of appellant's previous criminal record and revocation of his parole, and in further failing to give a limiting instruction on his other crimes evidence.

The testimony which appellant complains was prejudicial was the testimony of G.N. during cross-examination that she viewed the appellant at a hearing in which his parole from Mississippi was revoked.[1] It is clear from a reading of the statement that it was not an evidentiary harpoon in that her response does not meet the criteria of an evidentiary harpoon set forth in *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980). Moreover, her statement was elicited in direct response to defense counsel's question concerning in what other courtroom she had viewed the appellant. The evidence was solicited by appellant's own attorney on cross-examination, was responsive to the question posed, and was not a deliberate jab at appellant's character. Moreover, the answer occupied a very nominal place in the whole of the prosecutrix's testimony. *Mayhan v. State*, 696 P.2d 1044 (Okl.Cr.1985). The trial court did not err in overruling appellant's motion for mistrial.

Furthermore, since the appellant failed to object to the instructions or request a limiting instruction, this assignment was not properly preserved for appellate review. *Maghe v. State*, 620 P.2d 433 (Okl. Cr.1980). This assignment of error is without merit.

In his second assignment of error appellant argues that the trial court erred in refusing to give the jury a cautionary instruction regarding identification of the appellant by eye witnesses.

In *Pisano v. State*, 636 P.2d 358 (Okl.Cr.1981), this Court held that a cautionary instruction is not necessary if the following conditions are met:

(1) If there was a good opportunity for positive identification; (2) if the witness is positive in his identification; (3) if the identification is not weakened by prior failure to identify; and (4) if the witness remains positive as to the identification, even after cross-examination.

These conditions are clearly met in the instant case. Both of the victims viewed the appellant in good light for an extended

1. See Appendix.

period of time, they both positively identified appellant at a photographic lineup, a physical lineup and at trial, and remained positive even after cross-examination. Therefore, no cautionary instruction was required. There is no error.

The appellant next asserts that the evidence at trial was insufficient to support the jury's verdict of guilt. When the sufficiency of the evidence presented at trial is challenged on appeal, the relevant question is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

 In the present case, the appellant has wholly failed to challenge that any of the elements of the charged crimes are absent. To the contrary, the appellant simply reiterates his objection to the identification testimony, states that the testimony of both victims was uncorroborated, and points out the physical evidence that the State failed to introduce into evidence. After carefully reviewing the record before us, we are of the opinion that the State presented sufficient evidence to support the verdict of the jury. Accordingly, this assignment of error is without merit.

For his fourth assignment of error the appellant asserts that the prosecutor's comment in closing argument that the appellant had presented no evidence was improper and prejudicial.

 He maintains that the prosecutor committed fundamental error by referring to the fact that he did not testify at trial. The prosecutor's complete statement that the appellant claims was erroneous was:

> The defense attorney's tactics are to confuse you. He has not presented any evidence. He doesn't have to present evidence, but there's been no evidence that could show that these women were mistaken. They were very clear. They are very consistent. (Tr. 250).

To constitute reversible error, the statements made by the prosecutor that purportedly comment on a defendant's failure to take the witness stand must directly and unequivocally call attention to the failure of the accused to testify. *Hays v. State*, 617 P.2d 223 (Okl.Cr.1980). Furthermore, the comments must be such that the jury would naturally and necessarily understand that the statements could only be rebutted by the defendant personally. *Id.* at 231. The statement in the instant case is clearly a comment by the prosecutor on the issue of mistaken identity, and not a reference to the appellant's failure to testify at trial. The prosecutor plainly told the jury that the appellant did not have to present any evidence. Therefore, we find that the trial court properly overruled the appellant's motion for mistrial. There is no error.

In his fifth assignment of error appellant contends that the trial court erred in arraigning him on count three after the completion of voir dire. On March 13, 1984, after the completion of voir dire, the State made a motion to file an amended information which had never been properly filed. The trial court granted the motion and arraigned the appellant on the amended information, and the matter proceeded to trial. The appellant maintains that this procedure was error.

 However, a careful review of the record reveals that although the amended information was not filed until March 13, 1984, the appellant was previously arraigned on all four counts and defense counsel received a copy of the amended information on March 14, 1983. It is well established that the burden is upon the appellant to establish he was prejudiced in his substantial rights. *Sallee v. State*, 544 P.2d 902 (Okl.Cr.1975). Since appellant's counsel stated that he received a copy of the amended information and that appellant had been previously arraigned on all four counts, we fail to see that appellant suffered any prejudice due to the trial court's procedure. We find no error.

 Next, the appellant maintains that the verdict forms at trial violated his constitutional right to a jury determination of the former conviction issue. He argues that no verdict forms for a finding of not

guilty after former conviction of a felony were ever submitted to the jury while deliberating during the punishment stage of the trial. Initially, we note that appellant failed to object to the verdict forms and did not object to the verdict; thus, the alleged error is waived. *Reams v. State*, 551 P.2d 1168 (Okl.Cr.1976).

Moreover, we have reviewed the record and find that during the second stage of the trial the jury was properly provided with verdict forms referring to guilt without prior felony convictions and forms referring to guilt after prior felony convictions. Since the jury was provided with the proper verdict forms, this assignment lacks merit.

■ As his final assignment of error the appellant alleges that the punishment imposed was excessive, and that the cumulative effect of all errors occurring at trial mandates reversal. This Court has consistently held that where the punishment is within the statutory limits the sentence will not be disturbed unless under all the facts and circumstances of the case it is so excessive as to shock the conscience of the Court. *Edwards v. State*, 663 P.2d 1233 (Okl.Cr.1983). Considering the facts of the instant case, the nature and extent of appellant's attack, and the fact that the appellant has a prior conviction for the crime of armed robbery, we cannot say that the punishment imposed shocks the conscience of this Court. Thus, we decline to modify the sentences.

Additionally, it is well established that where there is no individual error, there can be no error by accumulation. *Woods v. State*, 674 P.2d 1150 (Okl.Cr.1984). This assignment of error is likewise without merit.

Finding no error warranting reversal or modification, the judgments and sentences are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.

## APPENDIX

The transcript reads in part as follows:

Q. [By Mr. Lowery] Other than that night how many times have you viewed this man or a picture of this man?

A. Other than that night, since, you mean?

Q. Other than the original incident, how many times?

A. Two times, I think.

Q. Okay, what were those? I know one occasion was the preliminary hearing.

A. And one occasion was in the D.A.'s Office.

Q. In the D.A.'s Office? When was this?

A. I don't remember.

Q. Was he in person or were they photographs?

A. Photographs.

Q. Was it in the D.A.'s Office or the Police Department?

A. I believe it was in the D.A.'s Office.

Q. Was there any assistant district attorney present?

A. I think so.

Q. Who was present?

A. Just a D.A.

Q. Okay, do you remember his name?

A. Yes.

Q. What was it?

A. Jim Brandon.

Q. When was this?

A. Two weeks ago.

Q. And he showed you a photograph?

A. Showed me some photographs.

Q. Okay. There were more than one photograph?

A. Right, several of them.

Q. Other than the preliminary hearing which was in December of '82.

A. Right.

Q. And two weeks ago have you ever viewed this man anywhere else?

A. Ys, [sic] sir, in the courtroom.

Q. That was the preliminary hearing?

A. No.

Q. What other courtroom?

A. It was like a little hearing. They revoked his parole from Mississippi.

Q. Other than that any other time?

A. Not that I recall.

## ON REHEARING

The petitioner, Bobby Frank Renfro, has petitioned this Court for rehearing in the above styled and numbered cause.

■ In a supplemental brief, petitioner raised the issue that he was denied his statutory right to a pre-sentence investigation report pursuant to 22 O.S.Supp.1982, § 982. We agree with petitioner's contention. In accordance with § 982, the judgment is affirmed, but the sentence is vacated with directions to the District Court of Tulsa County to comply with § 982 and provide petitioner with a pre-sentence investigation.

IT IS THEREFORE THE ORDER OF THIS COURT that the judgment be affirmed, but the sentence be vacated and this matter remanded to the District Court for resentencing after a pre-sentence investigation has been completed.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 26th day of March, 1987.