**Bobby Merrill BERRY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–89–118.**

Court of Criminal Appeals of Oklahoma.

June 25, 1992.

James English, III, Ardmore, for appellant.

Robert H. Henry, Atty. Gen., Steven Spears Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LUMPKIN, Vice–Presiding Judge:

Appellant Bobby Merrill Berry was tried by jury and convicted of Driving Under the Influence of Intoxicating Liquor, Second Offense, in violation of 47 O.S.Supp.1986, § 11–902, in the District Court of Carter County, Case No. CRF–87–351. The jury recommended punishment of one (1) year imprisonment and a two hundred dollar ($200.00) fine. The trial court sentenced accordingly. It is from this judgment and sentence that Appellant appeals.

Appellant contends in his first assignment of error that the evidence was insufficient to sustain a conviction for driving under the influence. While admitting that the evidence is entirely circumstantial, the State responds that the evidence was sufficient to sustain a guilty verdict. The standard of review in a criminal case based entirely on circumstantial evidence is whether the State's evidence tends to exclude every reasonable hypothesis other than guilt. However, the circumstantial evidence need not exclude every possibility other than guilt. When implementing this standard, we must consider the evidence and its inferences in a light most favorable to the State. *Rudd v. State*, 649 P.2d 791, 794 (Okl.Cr.1982).

Mr. Dan Dvorak testified at trial that on October 24, 1987, at approximately 8:00 a.m., he was in bed when he heard a vehicle driving along the street which sounded like it was dragging something. As the noise passed his house, he heard a loud bump and the sound of the engine dying. Looking out his window he saw a white pickup which had jumped the curb and run up against a tree. He observed only one person in the vehicle and assumed that it was a man by the short length of hair visible. Mr. Dvorak stated that he immediately got dressed and, less than five minutes after having first seen the vehicle from his window, left his house. As he did so, he

noticed that the front hood of the pickup was raised and that there was no longer anyone in the pickup. Walking around beside the vehicle, he encountered the Appellant. Appellant told Mr. Dvorak that something was wrong with his vehicle. Mr. Dvorak then talked with the Appellant for approximately ten minutes. During that time no cars drove by the pickup, nor did anyone else approach the pickup. Mr. Dvorak testified that when he put his head inside the pickup he smelled alcohol and observed a beer can on the front seat. Mr. Dvorak testified that he and Appellant were the only two people at the pickup until the police arrived.

Johnny Johnson, Ardmore Police Department, testified that he arrived to find a pickup up against a tree, approximately three (3) feet off the roadway. As the Appellant emitted a strong odor of alcohol, had bloodshot eyes, slurred speech and very poor balance, Officer Johnson arrested him for driving under the influence. At a subsequent breathalyzer test Appellant registered a .17.

Appellant testified at trial that his ex-wife had been driving the pickup when she hit the curb. Following in a car behind her, Appellant pulled the pickup off the road. While he attempted to repair the pickup, she drove off in his car. Although Appellant was not actually seen to have driven the pickup, we find the evidence and the logical inferences therefrom, to be inconsistent with any reasonable hypothesis other than the defendant's guilt. Finding sufficient evidence to support the jury's verdict, this assignment of error is denied.

█ In his second and third assignments of error, Appellant argues that the State failed to introduce evidence, at the preliminary hearing, to support the prior convictions alleged on the second page of the information. As a result of this failure of proof, Appellant asserts that he was effectively denied a preliminary hearing on the prior convictions.

The record reflects that Appellant was originally charged with Driving under the Influence of Intoxicating Liquor, Second and Subsequent Offense. At the preliminary hearing, Appellant's demurrer to the State's first stage evidence was sustained and Appellant was bound over for trial on the lesser offense of public intoxication. The State appealed this decision to the District Court, the order of the magistrate was overruled and the case was remanded back to the magistrate for "further proceedings binding the defendant over for the charge contained in the State's information". (O.R. 19) Appellant was subsequently formally arraigned, at which time he entered a plea of not guilty, and the case was set for trial. At no time during these proceedings were any objections to the information raised by Appellant.[1]

Appellant argues that Article 2, Section 17 of the Oklahoma Constitution and 21 O.S.1981, § 251, entitle a criminal defendant to a preliminary hearing on prior offenses to be used for enhancement. The State does not dispute this but responds that any error occurring by the absence of a preliminary hearing on the prior convictions was waived by Appellant's failure to object to the information combined with his entry of a plea to the charges. As authority for this argument the State has relied on *Hall v. State*, 698 P.2d 33 (Okl.Cr.1985), and *Murray v. State*, 562 P.2d 1157 (Okl. Cr.1977). In both of these cases, an initial charge of first degree murder was amended to a charge of second degree murder and the defendant was not given a preliminary hearing on the amended charge. This Court found that the defendant's failure to file a plea in abatement or a motion to quash the amended information waived his right to demand such a preliminary hearing. In *Hall*, the Court further stated that the defendant's entry of a plea to the amended information affirmatively demonstrated his waiver of a second preliminary hearing.

---

1. The only objections raised by Appellant were 1) to the date of the scheduled hearing on the appeal of the magistrate's order as such date fell outside the twenty day limit proscribed by the Rules of the Court of Criminal Appeals (O.R. 17–18), and 2) a Motion to Dismiss for lack of speedy trial (O.R. 21)

We agree that Appellant's entry of a plea at formal arraignment and proceeding to trial without raising any objections to the information waived any error occurring by the absence of a preliminary hearing on the prior convictions. In *Starr v. State*, 479 P.2d 628 (Okl.Cr.1971), relying on *Rapp v. State*, 413 P.2d 915 (Okl.Cr.1966) we determined that any error arising from the lack of a preliminary hearing on second and subsequent charges was waived by the defendant's entry of a plea to the information and his proceeding to trial without timely offering any objections to the information. In *Hambrick v. State*, 535 P.2d 703, 705 (Okl.Cr.1975), we held that when a defendant, upon arraignment, pleads to the merits and enters on trial, he waives his right to preliminary examination, or if one was held, any irregularities therein. See also *Blake v. State*, 375 P.2d 270 (Okl.Cr.1962); *Muldrow v. State*, 16 Okl.Cr. 549, 185 P. 332 (1919).

Relying on *Gessman v. State*, 500 P.2d 1092 (Okl.Cr.1972), Appellant argues that his conduct did not constitute a waiver and that the prior conviction must be established by the prosecution at the preliminary hearing. In *Gessman*, the magistrate took judicial notice of the prior conviction instead of requiring the State to present proof. The State argued that any error was waived by the defendant's entry of a plea at arraignment. This Court held the waiver argument invalid determining that a defendant's right to be informed that he must face a charge as a second and subsequent offense was a substantive matter and not merely one of procedure. Therefore, it was error for the magistrate to take judicial notice of a substantive matter and such an error cannot be waived by the defendant's conduct.

*Gessman* is not proper authority upon which to base a resolution of this issue. Initially the unique facts of *Gessman* distinguish it from the instant case as the defendant entered his plea only after a motion to quash the information and a demurrer to the information had been overruled. Further, the holding of *Gessman* that the defendant's plea at arraignment does not constitute a waiver of his right to a preliminary hearing on the prior convictions is contrary to the prevailing case authority. In fact, it is the only case finding a waiver invalid under such circumstances. The decision neither cites relevant authority for its holding nor does it purport to overturn existing case law. Therefore, *Gessman* is overruled to the extent that it is inconsistent with the prevailing case authority holding that a defendant who enters a plea to the merits and proceeds to trial without raising a timely objection to information waives his right to a preliminary hearing, or if one has occurred, any irregularities therein.

■ It is contended in the fourth assignment of error, that the trial court erred in admitting Mr. Dvorak's courtroom identification of Appellant. Appellant argues that the identification was inherently unreliable as it was based upon an unduly suggestive pre-trial identification, that being the observation of Appellant at the scene of the crime. He asserts that such observation was unduly suggestive inasmuch as Mr. Dvorak did not observe Appellant in actual operation of the vehicle and that his identification of the person who was in the vehicle was based on an assumption. Appellant failed to object to Mr. Dvorak's in-court identification at trial and therefore has not properly preserved the issue for review. *Chatman v. State*, 716 P.2d 258, 259 (Okl.Cr.1986). Thus our review is limited to fundamental error only.

■ A courtroom identification will not be invalidated if it can be established that it was independently reliable under the totality of the circumstances. *Cole v. State*, 766 P.2d 358, 359 (Okl.Cr.1988). Our inquiry becomes "whether under all the circumstances, the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification." *Manson v. Brathwaite*, 432 U.S. 98, 107, 97 S.Ct. 2243, 2249, 53 L.Ed.2d 140 (1977); *Bryson v. State*, 711 P.2d 932, 934 (Okl.Cr.1986) *cert. denied*, 476 U.S. 1121, 106 S.Ct. 1986, 90 L.Ed.2d 668 (1986). In determining the reliability of an in-court identification we must consider: (1) the opportunity of the witness to

view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated at the confrontation, and (5) the time between the crime and the confrontation. *Id.*

Although Appellant was not seen in actual operation of the pickup, he was the sole person observed at the scene less than five (5) minutes after the commission of the offense. Mr. Dvorak was certain in his identification of Appellant as the man sitting in the pickup and the man to whom he had talked with while standing near the pickup. Further, his full attention was directed at Appellant during their conversation. Based upon this evidence, we find that the courtroom identification was sufficiently reliable to be properly admitted at trial. Accordingly, this assignment of error is denied.

In his final assignment of error, Appellant contends that the trial court erred in failing to give a cautionary instruction regarding eyewitness identification. The record contains no objection by Appellant to the instructions given nor does it reveal any written requested instructions. It is well established that it is the responsibility of the defense to object to instructions given and to submit written requested instructions to the trial court. The failure to do so waives any alleged error. *Lay v. State,* 752 P.2d 823, 825 (Okl.Cr.1988).

In *Renfro v. State,* 734 P.2d 286 (Okl.Cr. 1987), this Court addressed the issue of when a cautionary instruction regarding identification of the appellant by an eyewitness is necessary. Relying on *Pisano v. State,* 636 P.2d 358 (Okl.Cr.1981), we stated that a cautionary instruction is not necessary if the following conditions are met:

(1) If there was a good opportunity for positive identification; (2) if the witness is positive in his identification; (3) if the identification is not weakened by prior failure to identify; and (4) if the witness remains positive as to the identification, even after cross-examination.

734 P.2d at 288.

These conditions are clearly met in the instant case. Mr. Dvorak had a good opportunity to identify Appellant in that he talked, face to face, with him for approximately ten (10) minutes. Mr. Dvorak was positive in his identification, remaining so even after cross-examination and had previously identified Appellant at the preliminary hearing. Therefore, no cautionary instruction was warranted. Finding no error, this proposition is denied.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is AFFIRMED.

BRETT and JOHNSON, JJ., concur.

LANE, P.J., and PARKS, J., dissent.

PARKS, Judge, dissenting:

I respectfully dissent to the majority's disposition of appellant's second proposition of error. Rather, I find that the appellant was denied an effective preliminary hearing, on his prior convictions.

At no time during the preliminary hearing did the State prove appellant's prior convictions, nor did appellant object to the information. In a well reasoned opinion written by Judge Brett in which Judge Bussey concurred, *Gessman v. State,* 500 P.2d 1092 (Okl.Cr.1972), proclaimed that prior convictions must be established by the prosecution in that they are substantive in nature. In *Gessman,* the appellant objected to the information by filing a Motion to Quash. It was held however that an appellant's entry of a plea at formal arraignment and proceeding to trial without raising any objection did not waive the requirement of proof, when the prior conviction is going to be used against the appellant. *Id.,* at 1095.

Under the facts contained in the Record, and because of the prosecution's failure to offer sufficient proof of appellant's prior convictions at the preliminary hearing the punishment should be reduced.

I also find that the Rule Six hearing, pursuant to 22 O.S.1981, Ch. 18, App.,

*Rules of the Court of Criminal Appeals,* Rule 6.2., was not docketed for hearing within the twenty (20) day requirement. The hearing was held six (6) days after the statutory period had expired. The magistrate stated the matter was erroneously set, however the hearing did not fall within the guidelines and should have not been allowed at all.

For the foregoing reasons, the Judgment and Sentence should be MODIFIED from a conviction of a felony to the misdemeanor offence of Driving While Intoxicated, because without the prior conviction appellant could only have been charged with a misdemeanor under the facts of this case.