**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES PRESTON RAY, SR.,

      Petitioner-Appellant,

v.

DAVID PARKER, Warden,

      Respondent-Appellee.

No. 08-7089

(E.D Okla.)

(D.C. No. CV-05-270-RAW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

James Preston Ray was convicted of manufacturing methamphetamine after prior convictions of two or more felonies, and is serving a life sentence in an Oklahoma prison. Proceeding pro se,[1] Ray seeks a certificate of appealability (COA) to challenge the district court's denial of habeas corpus relief under 28 U.S.C. § 2254.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Ray proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Ray presents two grounds for a COA: (1) he was improperly bound over for trial because the bind-over order did not include the second page of the Information, which covered Ray's prior convictions; and (2) the evidence at trial was insufficient to support his conviction. After carefully reviewing the record, we determine Ray is not entitled to a COA.

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. Background

Ray was tried for manufacturing methamphetamine. The charges stemmed from a parole officer's visit to Ray's apartment, when Ray was present, and the officer's subsequent discovery of an operating methamphetamine lab in the apartment. An Oklahoma state jury convicted Ray of manufacturing methamphetamine after prior convictions for two or more felonies. Ray is currently serving a life sentence. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Ray's conviction on direct appeal. Ray then sought federal court review of his conviction under 28 U.S.C. § 2254, and the court denied his petition. Ray now seeks a COA for two claims.

## II. Discussion

To obtain a COA, Ray must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

## A. Information and Bind-over Order

Ray first claims he was not properly bound over for trial. He claims the trial court's order did not include a portion of the information that alleged Ray's prior convictions.

The OCCA rejected the claim on direct appeal:

> Ray and two of his co-defendants waived preliminary hearing and filed a joint stipulation of facts, in lieu of a preliminary hearing, which included the following stipulation: "that the State could introduce sufficient evidence regarding the second page of the information filed herein regarding the prior convictions of each Defendant." [The court] issued an order noting that the parties had agreed to submit the case, for preliminary hearing purposes, on a written stipulation and that "[t]he court has received and considered the stipulation ... and now makes this decision." The court found that the State had sufficiently established probable cause that Ray had committed the crime of manufacturing methamphetamine, and then bound him over for arraignment and trial "on the charge of Manufacture of Controlled Dangerous Substance-Methamphetamine." Thus the bind over order failed to mention the prior offenses with which Ray had been charged.

> Ray was formally arraigned on January 22, 2003, acknowledged receipt of the Information, waived formal reading of it, and entered a plea of not guilty. He raised no objection to the

-3-

Information or the prior offenses charged therein until July 23, 2003, just before the beginning of voir dire in his trial. . . . [T]he trial court . . . found that Ray had stipulated to his prior offenses, for the purpose of waiving preliminary hearing, that [the Judge] explicitly accepted Ray's stipulations, and that Judge['s] failure to explicitly reference the prior offenses was merely a scrivener's error, and not fatal to the State's ability to proceed on the second page. The court further ruled that Ray waived any defect in this regard, by failing to object at the time of his arraignment. . . .

Furthermore, Ray waived any challenge to the failure of the bind over order to specifically state that he was bound over on his prior convictions, by failing to object at the time of arraignment. [footnote citing *Hambrick v. State*, 535 P.2d 703, 705 (Okla. Crim. App. 1975); and *Berry v. State*, 834 P.2d 1002, 1004–05 (Okla. Crim. App. 1995.)] There was never any uncertainty that the State intended to hold Ray accountable for his prior offenses, the omission in the bind over order notwithstanding. Ray was in no way prejudiced or confused by this omission; and the trial court's ruling in this regard was not clearly erroneous or improper. Hence Ray's challenge is rejected.

R., Doc. 7, Ex. 3 at 7–9.

The OCCA based its denial of Ray's claim on state law governing the adequacy of bind-over orders. As the district court correctly noted, on habeas review we have no authority to review a state court interpretation or application of its own law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ( "[I]t is not the province of [] federal habeas court[s] to reexamine state-court determinations on state-law questions."); *see also Gonzales v. Tafoya*, 515 F.3d 1097, 1126–27 (10th Cir. 2008) ("In conducting our inquiry, we defer to the state court's interpretations of state law."). Accordingly, we will not upset the OCCA's interpretation of the state law governing bind-over orders.

Even if we construe Ray's claim broadly as a federal due process violation, as opposed to a challenge of the OCCA's determination of state law, his claim fails. While "[a] charging instrument may violate the Sixth Amendment by failing to provide a defendant with adequate notice of the nature and cause of the accusations filed against him," *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999), Ray fails to challenge the charging instrument. Instead, Ray challenges the bind-over order, not the Information.

Upon a careful review of the record, we agree with the district court's finding that Ray was fully on notice of the charges against him, including the prior convictions listed in the Information. Finally, we see no prejudice from the alleged omissions in the bind-over order.

We decline to grant him a COA on this issue.

## B. Sufficiency of the Evidence

Ray also challenges the sufficiency of the evidence. When evaluating the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). If facts in the record support conflicting inferences, we must presume "that the trier of fact resolved any such conflicts in favor of the prosecution." *Id.* at 326.

Because Ray presented his sufficiency of the evidence challenge under 28 U.S.C. § 2254(d), we focus on whether the state court's result contravenes or unreasonably applies clearly established federal law, not on the extent of the reasoning followed by the state court in reaching its decision. *See Aycox v. Lytle*, 196 F.3d 1174, 1177–78 (10th Cir. 1999) ("[W]e owe deference to the state court's result, even if its reasoning is not expressly stated. . . . [W]e cannot grant relief unless the state court's result is legally or factually unreasonable.").

The OCCA's summary opinion rejected Ray's claim:

> Regarding Proposition V [challenging sufficiency of the evidence], the evidence presented at trial was more than sufficient to convict Ray of knowingly participating in the manufacture of methamphetamine at his residence. [footnote citing *Jackson*, 443 U.S. 307 at 319–20; *Spuehler v. State*, 709 P.2d 202, 203–04 (Okla. Crim. App. 1985)].

R., Doc. 7, Ex. 3 at 9.

After carefully reviewing the record, we conclude the OCCA reasonably applied the correct standard of review, *Jackson*, 443 U.S. at 319–20, and the record supports the OCCA's decision. As the district court concluded, the record shows that a meth lab operated out of Ray's apartment, the lab was functional while Ray was present, and Ray tried to prevent his parole officers from discovering the lab during the residential visit.

Thus, Ray is not entitled to a COA on this second ground.

### III.  Conclusion

For the reasons set forth above, we DENY Ray's petition for a COA and GRANT his motion to appeal *in forma pauperis*.

Entered for the Court,

Timothy M. Tymkovich,
Circuit Judge