**Leon Gayous RHEA, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-82-519.**

Court of Criminal Appeals of Oklahoma.

Aug. 26, 1983.

Thomas & Gile, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Leon Gayous Rhea, was convicted in the Caddo County District Court, Case No. CRF-81-78, of Murder in the Second Degree and was sentenced to the minimum penalty of ten (10) years, from which he now appeals. As his sole assignment of error the appellant asserts that the trial court erred in failing to instruct on manslaughter in the first degree and other lesser included offenses.

On May 17, 1981, the defendant and friends spent the afternoon playing frisbee and enjoying the sunshine at Red Rock Canyon State Park. At a picnic table, not far from defendant's group, the decedent, Ronnie Goodblanket, was drinking beer with Kenneth Shrader and Shrader's son. Mr. Goodblanket asked a young woman in the group if he knew her and harsh words were exchanged between the parties. Mr. Shrader, enraged over jokes about his weight, tore open his shirt, broke a beer bottle on the table to form a weapon and headed for the defendant. Shrader was followed by his son and Mr. Goodblanket; both men carried beer bottles. The defendant's group hurriedly left the area and ran for the defendant's car. When defendant reached his car he pulled a gun from the seat, fired two (2) shots in the ground and said, "please leave us alone, we're leaving." The defendant was attempting to leave when a bottle struck the car. He then stopped the car, got out and fired four (4) more shots and then drove out of the area. One of the bullets that the defendant fired hit Mr. Goodblanket in the head and he died soon thereafter from the injury. The deputy sheriff of Caddo County testified that upon learning of Mr. Goodblanket's death, the defendant said, "I didn't mean to shoot

the son of a bitch and kill him, but he shouldn't have hit my car with a beer bottle."

The appellant relies upon the case of *Tarter v. State,* 359 P.2d 596 (Okl.Cr.1961), and urges that it is the trial court's duty to instruct on manslaughter when any evidence supports the offense regardless of whether the defense counsel requested the instruction or not. However, in the instant case, the defense counsel not only did not object to the lack of a manslaughter instruction he specifically stated he had no requests. The record reveals that after the defense counsel objected to the definition of "depraved mind" in Instruction No. 4, the court then asked:

THE COURT: Any other objections? Overruled on that point, gentlemen.

MR. BLACK: It's the only objection we have to the instructions, your honor. We ask an exception, please, to that.

THE COURT: You have an exception. No requested instructions?

MR. BLACK: No.

THE COURT: No request for any lesser included instruction?

MR. BLACK: No sir.

We therefore find that appellant effectively waived his right to allege error on appeal.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH, J., concurs in results.

BRETT, J., concurs.