Burney ALLEN, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–264.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1984.

---

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

On appeal from his conviction in the Tulsa County District Court for the offense of First Degree Murder, Case No. CRF–80–766, in which punishment was set at life imprisonment, the appellant, Burney Allen, Jr., asserts that the trial court denied him a fair and impartial trial.

The appellant was the owner of an unlicensed bar in Tulsa named "Neckties." Late in the evening of March 6, 1980, the appellant and a customer, Calvin Baker, were engaged in an argument about some money which had been stolen in the club. The State's witness, Sarah Jean Buffalo, testified that she observed the two men arguing outside the bar and that the appellant pulled a gun from his pocket and shot Baker four (4) times. Several spectators carried Baker to a vacant lot where his body was found the next morning.

The appellant's sole assignment of error is that the trial court failed to completely define manslaughter in the first degree in its instructions to the jury.

The appellant did not object to the manslaughter instruction at trial, nor did he include it as error in his motion for a new trial or petition-in-error. The appellant effectively waived his right to allege error on appeal. *Rhea v. State,* 668 P.2d 1164, (Okl. Cr.1983).

The challenged instruction read:
You are instructed that even though the Information filed herein by the State charges the defendant with the crime of Murder in the First Degree, such Information or charge also includes the lessor crime of Manslaughter in the First Degree, even though such lessor crime is not specifically mentioned therein.

Under the laws and statutes of the State of Oklahoma, 'Homicide is Manslaughter in the First Degree when perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon.'

This instruction follows almost verbatim the language of 21 O.S.1981, § 711. We are of the opinion that, even if this assignment of error had been properly preserved, the instruction was sufficient because it fairly and accurately stated the applicable law. The brevity of an instruction does not mean that it is inadequate or that it denied appellant a fair trial. *Soap v. State,* 562 P.2d 889 (Okl.Cr.1977). For the above reasons we find that the assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.