992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Burney ALLEN, Petitioner-Appellant,
v.
Jack COWLEY, Warden; Attorney General of Oklahoma,
Respondents-Appellees.
 No. 92-5184.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1993.
 
 Before McKAY, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Burney Allen appeals the dismissal of his petition filed under 28 U.S.C. § 2254. The district court dismissed the petition as an abuse of the writ, pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts. The district court issued a certificate of probable cause. Our jurisdiction arises from 28 U.S.C. § 1291.
 
 
 3
 Petitioner, through counsel, filed a prior federal habeas petition on January 13, 1988, alleging his due process rights were violated because (1) blacks were unconstitutionally excluded from the jury panel, (2) the prosecutor injected his personal opinion into the closing argument, (3) the jury instructions were inadequate in that they did not define manslaughter in the first degree, (4) the trial court denied his motion to dismiss and overruled his demurrer to the evidence, and (5) the conviction was based on testimony of a witness who subsequently changed her testimony. The district court denied relief, Allen v. Oklahoma, No. 88-C-26-E (N.D.Okla. Dec. 6, 1988), and we affirmed, Allen v. Oklahoma, No. 88-2955 (10th Cir. Nov. 9, 1989).
 
 
 4
 Petitioner, proceeding pro se, filed a second petition for a writ of habeas corpus on January 29, 1992. In the second petition, he alleged he was denied his right to the effective assistance of his trial counsel for counsel's failure to (1) interview, investigate, call and impeach witnesses, (2) file motions to suppress evidence, (3) produce evidence of another suspect, (4) permit petitioner to exercise his right to compulsory process to obtain witnesses, and (5) craft the jury instruction to define completely the crime of first degree manslaughter. Petitioner further claims the state court failed to fairly resolve various evidentiary matters, that petitioner's guilt was not established at trial beyond a reasonable doubt, and petitioner was denied effective assistance of appellate and habeas counsel.
 
 
 5
 Respondents moved to dismiss the second habeas petition as an abuse of the writ, pursuant to 28 U.S.C. § 2244(b) and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Respondents alleged that petitioner had failed to establish "cause and prejudice" for failing to include the current claims in his first federal habeas petition. See McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 6
 We have considered petitioner's arguments in light of the record, and we affirm the district court's dismissal of petitioner's second habeas petition for substantially the reasons given in the district court's order dated August 27, 1992, a copy of which is attached.
 
 
 7
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 8
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF OKLAHOMA
 
 9
 Burney ALLEN, Plaintiff,
 
 
 10
 v.
 
 
 11
 Jack COWLEY, Defendant.
 
 
 12
 92-C-80-B.
 
 ORDER
 
 13
 Now before this Court is Respondent's Motion To Dismiss. Petitioner Burney Allen filed a Petition For A Writ Of Habeas Corpus on January 13, 1988. This Court later dismissed the Petition, and the Tenth Circuit affirmed. Allen then filed this Habeas Petition on January 29, 1992. Respondent now contends the instant Petition should be dismissed as an abuse of the writ pursuant to Rule 9 of the Rules Governing § 2254 Cases.
 
 I. Summary of Facts/Procedural History
 
 14
 On March 6, 1980, Allen and Calvin Baker argued outside a Tulsa bar. A witness testified that Allen killed Baker by shooting him four times. Baker died, and Allen was subsequently convicted of first-degree murder, following a jury trial. Allen was sentenced to life in prison for the murder. The Oklahoma Court of Criminal Appeals affirmed the conviction. Allen v. State, 674 P.2d 1149, 1150 (Okl.Cr.1984).
 
 
 15
 On January 13, 1988, Allen filed a Petition For Writ Of Habeas Corpus in this Court. See Case No. 88-C-26-E. Five grounds were raised in the habeas: 1) That blacks were excluded from his jury panel; 2) That the prosecutor injected his personal opinion during the trial's closing argument; 3) Inadequate jury instructions; 4) That the trial court erred in denying the motion to dismiss and in overruling his demurrer to the evidence; and 5) That his conviction was based on the testimony of a witness who later changed her story. See Findings and Recommendations of U.S. Magistrate, February 25, 1988, Case No. 88-C-26-E. The Petition was dismissed on the merits, and the Tenth Circuit affirmed.
 
 
 16
 On January 29, 1992, Allen filed this Petition For A Writ Of Habeas Corpus. Allen raises nine issues, many of which focus on ineffective assistance of counsel during his trial, on appeal and during his quest for post-conviction relief. On March 6, 1992, Respondent filed the Motion To Dismiss, arguing that Allen has abused the writ.
 
 II. Legal Analysis
 
 17
 The issue is whether Allen has abused the writ by raising issues in this habeas proceeding that he could have asserted in his first habeas petition. Rule 9(b) of the Rules Governing § 2254 Cases states:
 
 
 18
 (b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 19
 Allen's second Petition raises new and different grounds than his first request for habeas relief. As a result, Allen must prove that he has not abused the habeas writ. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).[1] He can do this in two ways: 1) He must show cause for not raising the new grounds in his first Habeas Petition and the prejudice he has suffered as a result; or, he must show that a fundamental miscarriage of justice would result from a failure to entertain the claim. Rodriquez v. Maryland, 948 F.2d 684, 687 (10th Cir.1991).
 
 
 20
 Allen has made no showing of a fundamental miscarriage of justice. McCleskey, 111 S.Ct. at 1470-71.[2] Therefore, to excuse his failure to raise these new grounds in his first petition, Allen must assert a valid "cause" that consists of factors external to him that cannot fairly be attributed to him. See, generally, Coleman v. Thompson, 111 S.Ct. 2546 (1991).
 
 
 21
 Allen has made no such showing. Given the fact that Allen's new claims revolve around alleged errors at his trial, on appeal, and during the post-conviction proceedings, the record indicates that Allen knew the factual basis for the new claims at the time he filed the first Habeas Petition. Allen does not assert otherwise and he does not adequately explain why he did not raise the new claims in his first petition. Instead, he simply reiterates the alleged misconduct by his trial attorney.
 
 
 22
 Therefore, based on the foregoing reasoning, this Court finds that Allen has not met his burden to disprove abuse of the writ. Respondent's Motion To Dismiss is GRANTED.
 
 
 23
 SO ORDERED THIS 27 day of August, 1992.
 
 
 24
 /s/THOMAS R. BRETT
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Supreme Court explains what a court should examine on the "abuse of writ" issue: "When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appeared for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom--McCleskey, 111 S.Ct. 1454 at 1470. Respondent met his burden. See Memorandum Brief In Support Of Motion To Dismiss, docket # 6)
 
 
 [2]
 Allen says he is innocent of the "charge that he stand[s] convicted for." Supplemental Memorandum, page 2 (docket # 9). But this is not a "colorable showing of factual innocence." And nothing in the record suggests that this case would fall into the fundamental miscarriage of justice category